UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

09 DEC 18 AM 11: 54

| | |
|---|---|
| L.F.P. IP, LLC<br>8484 Wilshire Boulevard<br>Beverly Hills, California 90211<br><br>And<br><br>LFP, INC.<br>8484 Wilshire Boulevard<br>Beverly Hills, California 90211<br><br>Plaintiffs,<br><br>vs.<br><br>HUSTLER CINCINNATI, INC.,<br>411 Elm Street<br>Cincinnati, Ohio 45202<br><br>Defendants. | CASE NO. **1:09CV913**<br><br>JUDGE<br>    J BERTELSMAN<br><br><br><br>COMPLAINT FOR DAMAGES<br>AND DEMAND FOR<br>JURY TRIAL |

Plaintiffs LFP IP, LLC and L.F.P., Inc. (collectively "Plaintiffs"), state for their Complaint against Defendant, Hustler Cincinnati, Inc. ("HCI"):

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff, LFP IP, LLC ("LFP IP") is a Delaware Limited Liability Company with a principal business address located at 8484 Wilshire Boulevard, Beverly Hills, California.

2. Plaintiff, L.F.P., Inc. ("LFP, Inc.") is a California corporation with a principal business address located at 8484 Wilshire Boulevard, Beverly Hills, California.

3. Upon information and belief, Defendant HCI is an Ohio corporation with a principal business address located at 411 Elm Street, Cincinnati, Ohio.

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b), because this action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391 (b), (c) and (d) in that Defendant HCI has committed acts of false endorsement and unfair competition , as alleged below, in the Southern District of Ohio.

6. The amount in controversy exceeds $75,000.

**FACTUAL BACKGROUND**

7. Plaintiff LFP IP is the owner of the intellectual property associated with the businesses of Larry C. Flynt, including the world famous HUSTLER trademark.

8. Plaintiff L.F.P., Inc. ("LFP, Inc.") is a licensor of certain HUSTLER marks and is the previous registrant of various HUSTLER trademarks. In or about 2006, LFP, Inc. assigned various trademarks registrered with the United States Patent and Trademark Office ("USPTO") to LFP IP, including but not limited to various HUSTLER trademarks. Plaintiff LFP, Inc. entered into the license agreement at issue and is now a licensee of LFP IP.

9. Plaintiff LFP IP licenses the HUSTLER trademark for purposes of magazine publishing, internet distribution and publishing, cable and satellite broadcasting, and other business ventures including retail business operations that sell clothing, adult novelties, movies and other adult oriented merchandise under the marks HUSTLER HOLLYWOOD and/or HUSTLER. LFP, Inc. holds a license to certain

HUSTLER marks and continues to hold certain license or sub-license agreements with third parties.

10. Defendant HCI is a former licensee of Plaintiff LFP, Inc. and operates a retail store known as the "Hustler Store" in Cincinnati Ohio that sells, among other things, HUSTLER brand clothing, videos and magazines.

11. This action arises out of Defendant HCI's advertising, distribution and use of Plaintiffs' HUSTLER trademark in connection with the operation of Defendant HCI's retail store in Cincinnati, Ohio.

12. In 2000 or 2001, Defendant HCI orally obtained permission and license to use the HUSTLER marks from LFP, Inc. and/or its successor in interest (collectively the "Licensor") (the "Oral License").

13. At the time that the Oral License was entered into, Plaintiff LFP, Inc. was the owner of various HUSTLER trademarks (the "Marks"), which are registered with the USPTO, and a common law trademark for retail services. A copy of the relevant trademark registrations for the HUSTLER HOLLYWOOD and HUSTLER Marks are attached hereto labeled **Exhibit A**, and incorporated herein by reference as though fully set forth at length.

14. Pursuant to the Oral License, the Marks were used by Defendant HCI in commerce in connection with Defendant HCI's operation of an adult-oriented retail store selling movies, lingerie, adult novelties, bath and body products, and clothing, located at 411 Elm Street, Cincinnati, Ohio ("411 Elm"). Many of the products sold in 411 Elm bear the HUSTLER mark.

15. On or about November 1, 2004, the parties prepared, but never signed, a written agreement wherein Defendant HCI agreed it could utilize the Mark, in exchange

3

for the payment of a fixed royalty by Defendant to the Licensor in the amount of $8,400 per month.

16. Defendant HCI made regular payments of royalties to the Licensor for the periods of July 1, 2003 through May 31, 2009. In 2005, Defendant HCI made a lump sum payment to cover its prior use of the mark through July of 2003. Also in 2005, pursuant to the terms of the written agreement, Defendant HCI began making regular monthly royalty payments of $8,400.00 per month to the Licensor as compensation for Defendant HCI's use of the Mark. A copy of an Excel spreadsheet setting forth the payment history between Plaintiff Licensor and Defendant is attached hereto labeled **Exhibit B**, and is incorporated herein by reference as though fully set forth at length.

17. By letter dated September 3, 2009, Plaintiff LFP Inc. placed Defendant HCI on notice of HCI's breach of the parties' licensing agreement by reason of Defendant HCI's failure to remit the required royalty (the "September 3 Notice"). (A copy of said September 3, 2009 letter is attached hereto as **Exhibit C** and incorporated herein by reference as though fully set forth at length).

18. Pursuant to said September 3 Notice, Defendant HCI was given five (5) days to cure its default.

19. Defendant HCI failed to cure its default within the five (5) day period.

20. By letter dated September 14, 2009, Plaintiff LFP Inc. elected to terminate its license with Defendant HCI, and gave HCI through and including September 21, 2009 to cease and desist all use of the Mark. (A copy of said September 14, 2009 letter is attached hereto as **Exhibit D**, and is incorporated herein by reference as though fully set forth at length).

21. By letter dated November 9, 2009, counsel for Plaintiff LFP Inc. sent a cease and desist letter to counsel for Defendant, demanding Defendant cease and desist all use of the Mark. (A copy of said November 9, 2009 letter is attached hereto as **Exhibit E**, and is incorporated herein by reference as though fully set forth at length).

22. Upon information and belief, Defendant HCI continues to utilize the HUSTLER mark and related marks owned by Plaintiffs all to its detriment.

23. This is an action at law and in equity for trademark infringement, false designation of origin, unfair completion and deceptive trade practices brought under the Federal Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. §§ 1051, *et seq.*, and under Ohio statutory and common law.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

24. Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 23.

25. Defendant HCI has breached its Oral License with Plaintiff LFP, Inc., by failing and refusing to remit the monies due as royalties though orally demanded, and failing and refusing to cease and desist all use of Plaintiffs' intellectual property in the advertisement and naming of its retail location located at 411 Elm Street, Cincinnati, Ohio.

26. By reason of the foregoing, Defendant HCI is indebted to Plaintiff LFP, Inc. in the amount of $25,200,, reflecting royalty payments due for the months of June, July,and August 2009, together with lawful interest thereon.

### SECOND CLAIM FOR RELIEF
### (False Designation of Origin; False Impression of Association – 15 U.S.C. 1125(a))

27. Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 26.

28. Plaintiff LFP IP owns all right and title to the HUSTLER registered marks in the United States; Plaintiff LFP, Inc. owns common law trademark rights in the HUSTLER mark for retail services. Defendant HCI's use of the HUSTLER mark is intended to, did, and will continue to confuse and mislead ordinary consumers and create the false impression that there is some association, affiliation, sponsorship, endorsement or license relationship between Plaintiffs' products and/or services and Defendant's products and/or services, or between Plaintiffs and Defendant.

29. Defendant HCI's use of the HUSTLER mark constitutes a false designation of origin and a false description or representation of fact in violation of 15 U.S.C. §1125(a). By reason of Defendant HCI's acts as alleged above, Plaintiffs have suffered, and will continue to suffer irreparable damage to their business reputation and goodwill resulting from confusion among the consuming public. Unless enjoined and restrained, Defendant's acts will cause further irreparable damage to Plaintiffs.

30. Plaintiffs are entitled to an order enjoining Defendant from creating a false impression of relationship between Plaintiffs and Defendant and their respective products and/or services, an order requiring Defendant to account to Plaintiffs for any and all profits derived by Defendant from its actions, and an order awarding all damage sustained by Plaintiffs as a reason of the false impression created by Defendant.

Case: 1:09-cv-00913-WOB Doc #: 1 Filed: 12/18/09 Page: 7 of 11 PAGEID #: 7

31. Defendant HCI's conduct was intentional and willful, and therefore, Plaintiffs are entitled to an award of treble damages pursuant to 13 U.S.C. §1117. This is also an exceptional case entitling Plaintiffs to an award of its attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition - 15 U.S.C. § 1125(a))

32. Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 31.

33. The HUSTLER mark is widely recognized by the general public within the relevant marketplace of Cincinnati, Ohio, and elsewhere, as a purveyor of quality adult-oriented merchandise.

34. Plaintiffs and it predecessors in interest have regularly advertised the HUSTLER mark and have expended significant sums of money in advertising and publicizing the HUSTLER mark.

35. Upon information and belief, Defendant HCI has utilized the HUSTLER mark with the intent to unfairly create an association and/or affiliation with Plaintiffs and Plaintiffs' affiliates.

36. By continuing to utilize the HUSTLER mark despite lawful termination of its right to use same, and the resulting association of Defendant HCI's retail business with Plaintiffs' retail business, Defendant HCI, in bad faith, has impaired the distinctiveness of the HUSTLER mark, unfairly competed with Plaintiffs by taking customers from Plaintiffs, and caused irreparable harm to the reputation and goodwill of the HUSTLER mark and the business reputation of Plaintiffs.

37. Upon information and belief, the conduct of Defendant HCI aforesaid has been done in bad faith and with willful disregard of the rights of the Plaintiffs, and is likely to continue unless enjoined by this Court.

38. By reason of the foregoing, Plaintiffs are entitled to a money judgment in an amount to be determined at trial for Defendant HCI's unlawful and unauthorized use of the HUSTLER mark, together with lawful interest thereon.

## FOURTH CLAIM FOR RELIEF
### (State Deceptive Trade Practices Pursuant to RC 4165.01 et al.)

39. Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 38.

40. Upon information and belief, Defendant HCI has acted to deceive or mislead the consuming public by using the HUSTLER mark for the identification of its business and in advertising, trade and other purposes. Defendant HCI's use of the HUSTLER mark deceives or misleads the public as to the identity of the Defendant or as to the Defendant's connection with Plaintiffs.

41. Defendant HCI's use of the HUSTLER mark also constitutes a false designation of origin and a false description and false representation that the Defendant is in some way sponsored or approved by Plaintiffs.

42. Upon information and belief, Defendant HCI's foregoing acts are calculated to cause confusion and mistake, and to deceive ordinary consumers, potential customers, and the public as to the true affiliation, connection or association of Defendant with Plaintiffs.

43. Defendant HCI's foregoing acts are causing and are likely to cause substantial injury and damage and are likely to cause substantial irreparable harm to

Plaintiffs' business reputation, trademark and good will with the purchasing public, and dilute the distinctive quality of the HUSTLER mark, all in violation of RC 4165.01, et al.

44. By reason of the foregoing conduct, Plaintiffs are entitled to an order permanently enjoining Defendant HCI and all those acting in concert with it from using the Mark or from otherwise infringing or diluting the Mark.

45. Plaintiffs are also entitled to an order requiring Defendant HCI to account to Plaintiffs for any and all profits derived by Defendant from its actions.

### FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

46. Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 45.

47. By reason of Defendant HCI's foregoing acts and conduct, Defendant HCI has engaged in unfair competition with Plaintiffs, all to the continuing damage and injury to Plaintiffs. By reason of said acts and conduct, Plaintiffs are entitled to damages resulting from Defendant's unfair competition and infringement of the HUSTLER mark together with appropriate injunctive relief.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment in its favor with respect to all of the Claims for Relief set forth above, and that such relief be granted as follows:

1. On Plaintiff LFP, Inc.'s First Claim for Relief, damages in the amount of $25,200, together with lawful interest thereon;

2. On Plaintiffs' Second and Third Claims for Relief, that Defendant HCI and all those acting in concert with it, be permanently enjoined from using the Mark or from otherwise infringing the Mark pursuant to 15 U.S.C

§§1117(a); together with an award of treble damages against Defendant HCI and Plaintiffs' costs and attorneys' fees;

3. On Plaintiffs' Fourth Claim for Relief, that Defendant HCI and all those acting in concert with it be permanently enjoined from using the HUSTLER mark or from otherwise engaging in unlawful trade practices pursuant to RC 4165.01 et al.; that Defendant HCI account for and pay over and account to Plaintiffs all of the profits realized by it, or others acting in concert or participation with it from the use of the HUSTLER mark;

4. On Plaintiffs' Fifth Claim for Relief, that Plaintiffs recover their damages sustained as a result of Defendant HCI's unfair competition and infringement of the HUSTLER mark, together with permanent injunctive relief;

5. That Plaintiffs be awarded punitive damages for its willful misconduct in an amount to be determined at a trial of this matter;

6. That Plaintiffs recover their costs, disbursements, and reasonable attorneys' fees in this action; and

7. Any other and further relief which the Court deems Plaintiffs are entitled in law or in equity.

Dated: December 18, 2009
Cincinnati, Ohio

_[signature]_

OF COUNSEL:

George J. Zamary
The Drew Law Firm Co., LPA
One West Fourth Street, Suite 2400
Cincinnati, Ohio 45202
(513) 621-8210

Anthony G. Covatta
The Drew Law Firm Co., LPA
One West Fourth Street, Suite 2400
Cincinnati, Ohio 45202
P: (513) 621-8210
F: (513) 621-5444
acovatta@drewlaw.com
*Trial Attorney for Defendant, Elm 411, LLC*

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

_[signature]_

Anthony G. Covatta