**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **L.F.P. IP, LLC,** | : | Case No. 1:09cv913 |
| 8484 Wilshire Boulevard | : | |
| Beverly Hills, California  90211, | : | |
| | : | Judge Bertelsman |
| and | : | |
| | : | Magistrate Wehrman |
| **LFP, INC.,** | : | |
| 8484 Wilshire Boulevard | : | |
| Beverly Hills, California  90211, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | **PLAINTIFFS' FIRST** |
| | : | **AMENDED COMPLAINT** |
| **HUSTLER CINCINNATI, INC.,** | : | |
| 411 Elm Street | : | |
| Cincinnati, Ohio  45202, | : | |
| | : | |
| and | : | |
| | : | |
| **JIMMY R. FLYNT,** | : | |
| 68 East Serene Avenue, #220 | : | |
| Las Vegas, Nevada  89123, | : | |
| | : | |
| Defendants. | : | |

Plaintiffs LFP IP, LLC and L.F.P., Inc. (collectively "Plaintiffs"), state for their

Complaint against Defendants, Hustler Cincinnati, Inc. and Jimmy R. Flynt (collectively

"Defendants") as follows:

**PARTIES, VENUE AND JURISDICTION**

1.       Plaintiff, LFP IP, LLC ("LFP IP") is a Delaware Limited Liability Company

with a principal business address located at 8484 Wilshire Boulevard, Beverly Hills,

California.

2.      Plaintiff, L.F.P., Inc. ("LFP, Inc.") is a California corporation with a principal business address located at 8484 Wilshire Boulevard, Beverly Hills, California.  LFP, Inc. is owned by the Larry Flynt Revocable Trust ("the Trust").  Larry C. Flynt ("Larry") controls the Trust, LFP IP and LFP, Inc.

3.      Defendant Hustler Cincinnati, Inc. ("HCI") is an Ohio corporation with a principal business address located at 411 Elm Street, Cincinnati, Ohio.

4.      Defendant Jimmy R. Flynt ("Jimmy") is an individual residing at 68 East Serene Avenue, Las Vegas, Nevada.  Jimmy is Larry's younger brother.

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(b), because this action arises under the Lanham Act, 15 U.S.C. §1051, *et seq*.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in the United States District Court for the Southern District of Ohio because many of the acts giving rise to this case, including the infringement of Plaintiffs' trademarks, occurred in the Southern District of Ohio.

7.      The amount in controversy exceeds $75,000.

## FACTUAL BACKGROUND

8.      LFP IP is the owner of the intellectual property associated with the businesses of Larry, including the world famous HUSTLER trademarks.

9.      LFP, Inc. is a licensor of certain HUSTLER trademarks and is the previous registrant of various HUSTLER trademarks.  In or about 2006, LFP, Inc. assigned various trademarks registered with the United States Patent and Trademark Office ("USPTO") to LFP IP, including but not limited to, various HUSTLER trademarks.  LFP, Inc. entered into the license agreement at issue with HCI and is now a licensee of LFP IP.

10.     LFP IP licenses the HUSTLER trademarks for purposes of magazine publishing, internet distribution and publishing, cable and satellite broadcasting, and other business ventures including retail business operations that sell clothing, adult novelties, movies and other adult-oriented merchandise under the marks HUSTLER HOLLYWOOD and/or HUSTLER.  LFP, Inc. holds a license to certain HUSTLER trademarks and continues to hold certain license or sub-license agreements with third parties.

11.     HCI is a former licensee of LFP, Inc. and operates a retail store known as the "Hustler Store" in Cincinnati, Ohio that sells, among other things, HUSTLER-branded clothing, videos, magazines, and adult novelties.  Larry authorized Jimmy to be the sole named shareholder of HCI.

12.     Jimmy was, at all relevant times, an employee of LFP, Inc. or its affiliates.  He was terminated in June 2009.

13.     This action arises out of HCI and Jimmy's advertising, distribution, and use of Plaintiffs' HUSTLER trademarks in connection with the operation of HCI's retail store in Cincinnati, Ohio.

14.     In 2000, HCI orally obtained permission and license to use the HUSTLER trademarks from LFP, Inc. and/or its successor in interest (collectively the "Licensor") (the "Oral License").

15.     At the time that the Oral License was entered into, LFP, Inc. was the owner of various HUSTLER trademarks, which are registered with the USPTO, and a common law trademark for retail services  (the "HUSTLER Marks").  A copy of the relevant trademark registrations for the HUSTLER HOLLYWOOD and HUSTLER Marks are attached hereto labeled **Exhibit A**, and are incorporated herein by reference as though fully set forth at length.

16.     Pursuant to the Oral License, the HUSTLER Marks were used by HCI in commerce in connection with HCI's operation of an adult-oriented retail store selling movies, lingerie, adult novelties, bath and body products, and clothing, located at 411 Elm Street, Cincinnati, Ohio ("411 Elm").  Many of the products sold in 411 Elm bear the HUSTLER mark.

17.     On or about November 1, 2004, the parties prepared a written agreement wherein HCI agreed it could utilize the HUSTLER Marks, in exchange for the payment of a fixed royalty by HCI to the Licensor in the amount of $8,400 per month.

18.     HCI made regular payments of royalties to the Licensor for the periods of July 1, 2003 through May 31, 2009.  In 2005, HCI made a lump sum payment to cover its prior use of the HUSTLER Marks.  Also in 2005, pursuant to the terms of the written agreement, HCI began making regular monthly royalty payments of $8,400.00 per month to the Licensor as compensation for HCI's use of the HUSTLER Marks.  A copy of an Excel spreadsheet setting forth the payment history between Licensor and Defendant is attached hereto labeled **Exhibit B**, and is incorporated herein by reference as though fully set forth at length.

19.     By letter dated September 3, 2009, LFP, Inc. placed Defendants on notice of HCI's breach of the parties' licensing agreement by reason of HCI's failure to pay the required royalty (the "September 3 Notice").  (A copy of said September 3, 2009 letter is attached hereto as **Exhibit C** and incorporated herein by reference as though fully set forth at length).

20.     Pursuant to said September 3 Notice, HCI was given five (5) days to cure its default.

21.     HCI failed to cure its default within the five (5) day period.

22.     By letter dated September 14, 2009, LFP, Inc. elected to terminate its license with HCI, and gave Defendants through and including September 21, 2009 to cease and desist all use of the HUSTLER Marks.  (A copy of said September 14, 2009 letter is attached hereto as **Exhibit D**, and is incorporated herein by reference as though fully set forth at length).

23.     By letter dated November 9, 2009, counsel for LFP, Inc. sent a cease and desist letter to counsel for Defendants, demanding Defendants cease and desist all use of the HUSTLER Marks.  (A copy of said November 9, 2009 letter is attached hereto as **Exhibit E**, and is incorporated herein by reference as though fully set forth at length).

24.     Defendants continue to utilize the HUSTLER Marks owned by Plaintiffs all to their detriment.

25.     This is an action at law and in equity for trademark infringement, false designation or origin, unfair competition and deceptive trade practices brought under the Federal Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. §§1051, *et seq.*, and under Ohio statutory and common law.

### FIRST CLAIM FOR RELIEF
#### (Breach of Contract)

26.     Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 25.

27.     HCI has breached its License with LFP, Inc. by failing and refusing to remit the monies due as royalties though orally demanded, and failing and refusing to cease and desist all use of Plaintiffs' intellectual property in the advertisement and naming of its retail location located at 411 Elm Street, Cincinnati, Ohio.

28.     By reason of the foregoing, HCI is indebted to LFP, Inc. in the amount of $134,400, reflecting royalty payments due as of the filing of this First Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**(False Designation of Origin; False Impression of**
**Association - 15 U.S.C. 1125(a))**

29.     Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 28.

30.     LFP IP owns all right and title to the registered HUSTLER Marks in the United States; LFP, Inc. owns common law trademark rights in the HUSTLER Marks for retail services.  Defendants' use of the HUSTLER Marks is intended to, did, and will continue to confuse and mislead ordinary consumers and create the false impression that there is some association, affiliation, sponsorship, endorsement or license relationship between Plaintiffs' products and/or services and Defendants' products and/or services, or between Plaintiffs and Defendants.

31.     Defendants' use of the HUSTLER Marks constitutes a false designation or origin and a false description or representation of fact in violation of 15 U.S.C. §1125(a). By reason of Defendants' acts as alleged above, Plaintiffs have suffered, and will continue to suffer irreparable damage to their business reputation and goodwill resulting from confusion among the consuming public.  Unless enjoined and restrained, Defendants' acts will cause further irreparable damage to Plaintiffs.

32.     Plaintiffs are entitled to an order enjoining Defendants from creating a false impression of relationship between Plaintiffs and Defendants and their respective products and/or services, an order requiring Defendants to account to Plaintiffs for any and all profits derived by Defendants from their actions, and an order awarding all damage sustained by Plaintiffs as a reason of the false impression created by Defendants.

33.     Defendants' conduct was intentional and willful, and therefore, Plaintiffs are entitled to an award of treble damages pursuant to 13 U.S.C. §1117.  This is also an exceptional case entitling Plaintiffs to an award of their attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition - 15 U.S.C. §1125(a))

34.     Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 33.

35.     The HUSTLER Marks are widely recognized by the general public within the relevant marketplace of Cincinnati, Ohio, and elsewhere, as a purveyor of quality adult-oriented merchandise.

36.     Plaintiffs and their predecessors in interest have regularly advertised the HUSTLER Marks and have expended significant sums of money in advertising and publicizing the HUSTLER Marks.

37.     Defendants have utilized the HUSTLER Marks with the intent to unfairly create an association and/or affiliation with Plaintiffs and Plaintiffs' affiliates.

38.     By continuing to utilize the HUSTLER Marks despite lawful termination of their right to use same, and the resulting association of Defendants' retail business with Plaintiffs' retail business, Defendants, in bad faith, have impaired the distinctiveness of the HUSTLER Marks, unfairly competed with Plaintiffs by taking customers from Plaintiffs, and caused irreparable harm to the reputation and goodwill of the HUSTLER Marks and the business reputation of Plaintiffs.

39.     Upon information and belief, the conduct of Defendants aforesaid has been done in bad faith and with willful disregard of the rights of the Plaintiffs, and is likely to continue unless enjoined by this Court.

40.     By reason of the foregoing, Plaintiffs are entitled to a money judgment in an amount to be determined at trial for Defendants' unlawful and unauthorized use of the HUSTLER Marks, together with lawful interest thereon.

**FOURTH CLAIM FOR RELIEF**
**(State Deceptive Trade Practices Pursuant to RC 4165.01 et al.)**

41.     Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 40.

42.     Upon information and belief, Defendants have willfully acted to deceive or mislead the consuming public by using the HUSTLER Marks for the identification of their business and in advertising, trade and other purposes.  Defendants' use of the HUSTLER Marks deceives or misleads the public as to the identity of the Defendants or as to the Defendants' connection with Plaintiffs.

43.     Defendants' willful use of the HUSTLER Marks also constitutes a false designation of origin and a false description and false representation that the Defendants are in some way sponsored or approved by Plaintiffs.

44.     Upon information and belief, Defendants' foregoing willful acts are calculated to cause confusion and mistake, and to deceive ordinary consumers, potential customers, and the public as to the true affiliation, connection or association of Defendants with Plaintiffs.

45.     Defendants' foregoing acts are causing and are likely to cause substantial injury and damage and are likely to cause substantial irreparable harm to Plaintiffs' business reputation, trademark and good will with the purchasing public, and dilute the distinctive quality of the HUSTLER Marks, all in violation of RC 4165.01, et al.

8

46.     By reason of the foregoing conduct, Plaintiffs are entitled to an order permanently enjoining Defendants and all those acting in concert with them from using the HUSTLER Marks or from otherwise infringing or diluting the HUSTLER Marks.

47.     Plaintiffs are also entitled to an order requiring Defendants to account to Plaintiffs for any and all profits derived by Defendants from their actions.

**FIFTH CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**

48.     Plaintiffs incorporate, as if fully set forth herein, each of the allegations contained in Paragraphs 1 through 47.

49.     By reason of Defendants' foregoing acts and conduct, Defendants have willfully engaged in unfair competition with Plaintiffs, all to the continuing damage and injury to Plaintiffs.  By reason of said acts and conduct, Plaintiffs are entitled to damages resulting from Defendants' willful unfair competition and infringement of the HUSTLER Marks together with appropriate injunctive relief.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgment in their favor with respect to all of the Claims for Relief set forth above, and that such relief be granted as follows:

1.     On Plaintiff LFP, Inc.'s First Claim for Relief, damages in excess of $134,400, the exact amount to be proven at the trial of this matter, together with lawful interest thereon;

2.     On Plaintiffs' Second and Third Claims for Relief, that Defendants and all those acting in concert with them, be permanently enjoined from using the HUSTLER Marks or from otherwise infringing the HUSTLER Marks pursuant to 15 U.S.C. §1117(a); together with an award of treble damages

9

against Defendants and Plaintiffs' costs and attorneys' fees for Defendants willful acts;

3.   On Plaintiffs' Fourth Claim for Relief, that Defendants and all those acting in concert with them be permanently enjoined from using the HUSTLER Marks or from otherwise engaging in unlawful trade practices pursuant to RC 4165.01 et al.; that Defendants account for and pay and account to Plaintiffs all of the profits realized by them, or others acting in concert or participation with them for use of the HUSTLER Marks;

4.   On Plaintiffs' Fifth Claim for Relief, that Plaintiffs recover their damages sustained as a result of Defendants' unfair competition and infringement of the HUSTLER Marks, together with permanent injunctive relief;

5.   That Plaintiffs be awarded punitive damages for Defendants' willful misconduct in an amount to be determined at the trial of this matter.

6.   That Plaintiffs recover their costs, disbursements, and reasonable attorneys' fees in this action; and

7.   Any other and further relief which the Court deems Plaintiffs are entitled in law or in equity.

Respectfully submitted,

/s/ Mark A. Vander Laan
Mark A. Vander Laan (0013297)
E-Mail: mark.vanderlaan@dinslaw.com
Amanda P. Lenhart (0072517)
E-Mail: amanda.lenhart@dinslaw.com
Joshua A. Lorentz (0074136)
E-Mail:  joshua.lorentz@dinslaw.com
Robert M. Zimmerman (0079584)
Email:  robert.zimmerman@dinslaw.com
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
Phone:        (513) 977-8200
Fax:            (513) 977-8141

**Attorneys for Plaintiffs
LFP, Inc. and L.F.P. IP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following

by the Court's CM/ECF system this 8th day of November, 2010:

Robert W. Hojnoski, Esq.
Carrie A. Masters, Esq.
REMINGER CO., LPA
525 Vine Street, Suite 1700
Cincinnati, OH  45202
Email: rhojnoski@reminger.com
          cmasters@reminger.com

**Attorneys for Defendants
Hustler Cincinnati, Inc.
and Jimmy R. Flynt**

/s/ Mark A. Vander Laan

1842107_2