# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **L.F.P. IP, LLC, et al.,** | : | Case No. 1:09cv913 |
| | : | |
| | : | Judge Bertelsman |
| Plaintiffs, | : | |
| | : | Magistrate Wehrman |
| vs. | : | |
| | : | |
| **HUSTLER CINCINNATI, INC., et al.,** | : | **PLAINTIFFS' REPLY TO** |
| | : | **DEFENDANTS' FIRST AMENDED** |
| | : | **COUNTERCLAIM** |
| Defendants. | : | |

In reply to the First Amended Counterclaim of Defendants Hustler Cincinnati, Inc. ("HCI") and Jimmy R. Flynt ("Jimmy") (collectively "Defendants"), Plaintiffs LFP IP, LLC ("LFP IP"), L.F.P., Inc. ("LFP"), and Larry C. Flynt ("Larry") (collectively "Plaintiffs") state as follows:

## FIRST DEFENSE

1.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore deny same.

2.     Plaintiffs admit the allegations set forth in Paragraph 2.

3.     Plaintiffs admit that Jimmy and Larry are brothers.  Plaintiffs deny that Jimmy and Larry are partners, co-founders, or co-owners of the "Hustler Enterprise," and deny all remaining allegations set forth in Paragraph 3.

4.     Plaintiffs admit that HCI is an Ohio Corporation with its principal place of business located at 411 Elm Street, Cincinnati, Ohio.  Plaintiffs further admit that HCI was incorporated on March 28, 2000 and operates a Hustler Cincinnati retail store located at 411 Elm Street, Cincinnati, Ohio.  Plaintiffs also admit that Hustler News & Gifts, Inc.

("HNG") was incorporated on October 21, 1997.  Plaintiffs state that HNG operated a small newsstand in downtown Cincinnati which sold, among other items, HUSTLER-related publications.  Plaintiffs state that Larry and LFP expressly authorized HCI and HNG to use the HUSTLER marks in connection with their businesses.  Plaintiffs deny the remaining allegations set forth in Paragraph 4.

5.      Plaintiffs admit that LFP was incorporated in Ohio on September 29, 1976, but was merged out of existence in 1982 with LFP, Inc. (California corporation) as the surviving organization.  Plaintiffs admit that Larry claims an ownership interest in LFP.  Plaintiffs deny that Mini Clubs of America ("Mini Clubs"), which was dissolved in 1979, is a successor-in-interest or continuation of LFP.  Plaintiffs admit that LFP was  the registrant of certain HUSTLER marks from 1995 to 2003.  Plaintiffs admit that LFP assigned the rights to certain HUSTLER marks to LFP Publishing Group, LLC in 2003.  Plaintiffs admit that LFP's current directors are Larry, Michael Klein, and Theresa Flynt.  Plaintiffs further admit that Jimmy is not an officer, director or shareholder of LFP.  Plaintiffs deny the remaining allegations set forth in Paragraph 5.

6.      Plaintiffs admit that LFP IP was incorporated in Delaware in October, 2006.  Plaintiffs admit that LFP IP is the current registrant of certain HUSTLER-related marks.  Plaintiffs state that LFP IP licenses the HUSTLER marks to LFP to use and sublicense the HUSTLER marks pursuant to an oral license agreement with LFP IP.  Plaintiffs deny the remaining allegations set forth in Paragraph 6.

7.      Plaintiffs admit that Jimmy and Larry are brothers.  Plaintiffs deny that Jimmy and Larry are partners, co-founders, or co-owners of the "Hustler Enterprise," and deny all remaining allegations set forth in Paragraph 7.

8.      Plaintiffs state that Larry and Jimmy have never been business partners or co-owners of any business.  Plaintiffs deny the allegations set forth in Paragraph 8.

9.      Plaintiffs state that Larry and Jimmy have never been business partners or co-owners of any business.  Plaintiffs deny the allegations set forth in Paragraph 9.

10.     Plaintiffs admit that Larry has used the HUSTLER name and mark in commerce for more than 40 years.  Plaintiffs deny the remaining allegations set forth in Paragraph 10.

11.     Plaintiffs state that Larry and Jimmy have never been business partners or co-owners of any business.  Plaintiffs deny the allegations set forth in Paragraph 11.

12.     Plaintiffs admit that the HUSTLER mark has grown in terms of popularity, scope, breadth, and geographic region since at least 1968.  Plaintiffs deny that HUSTLER was  first used in retail services by HCI or Jimmy.  Plaintiffs deny the remaining allegations set forth in Paragraph 12.

13.     Plaintiffs state that Larry and Jimmy have never been business partners or co-owners of any business. Plaintiffs deny the allegations set forth in Paragraph 13.

14.     Plaintiffs state that Larry and Jimmy have never been business partners or co-owners of any business.  Plaintiffs deny the allegations set forth in Paragraph 14.

15.     Plaintiffs state that prior to his termination in June 2009, Jimmy has been a salaried, at-will employee of LFP or its affiliates. Plaintiffs further state that over the past forty plus years, Jimmy has been terminated from LFP and/or its affiliates several times are rehired by Larry.  Plaintiffs deny the allegations set forth in Paragraph 15.

16.     Plaintiffs state that prior to his termination in June 2009, Jimmy has been a salaried, at-will employee of LFP or its affiliates. Plaintiffs further state that over the past forty plus years, Jimmy has been terminated from LFP and/or its affiliates several times are

3

rehired by Larry. Plaintiffs also state that Larry has at all times exercised complete control of LFP, LFP IP and all of their predecessors and/or affiliates.  Plaintiffs deny the allegations set forth in Paragraph 16.

17.    Plaintiffs state that Larry and Jimmy have never been business partners or co-owners of any business.  Plaintiffs deny the allegations set forth in Paragraph 17.

18.    Plaintiffs state that Larry and Jimmy have never been business partners or co-owners of any business.  Plaintiffs deny the allegations set forth in Paragraph 18.

19.    Plaintiffs state that Larry and Jimmy have never been business partners or co-owners in any business.  Plaintiffs further state that Jimmy has never made any personal capital contributions to LFP, LFP IP or any of their predecessors and/or affiliates.  Plaintiffs state that prior to his termination in June 2009, Jimmy has been a salaried, at-will employee of LFP or its affiliates.  Plaintiffs also state that over the past forty plus years, Jimmy has been terminated from LFP and/or its affiliates several times are rehired by Larry. Plaintiffs deny the allegations set forth in Paragraph 19.

20.    Plaintiffs state that Larry and Jimmy have never been business partners or co-owners in any business.  Plaintiffs deny the allegations set forth in Paragraph 20.

21.    Plaintiffs admit that any criminal proceedings are public records which speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 21.

22.    Plaintiffs admit that any criminal proceedings are public records which speak for themselves.  Plaintiffs deny the allegations set forth in Paragraph 22.

23.    Plaintiffs admit that Larry has been named as the shareholder/legal owner of various Hustler-related entities.  Plaintiffs deny the remaining allegations set forth in Paragraph 23.

24.     Plaintiffs state that Larry and Jimmy have never been business partners or co-owners in any business.  Plaintiffs deny the allegations set forth in Paragraph 24.

25.     Plaintiffs state that Larry and Jimmy were never business partners, co-owners of any business or had an "incorporated partnership." Plaintiffs further state Larry has at all times exercised complete control of LFP, LFP IP and all of  their predecessors and/or affiliates. Plaintiffs deny the allegations set forth in Paragraph 25.

26.     The allegations of Paragraph 26 purport to state a proposition of law to which a response is not required.  To the extent that a response is required, the allegations are denied.

27.     Plaintiffs state that Larry and Jimmy have never been business partners or co-owners in any business.  Plaintiffs further state that Jimmy has never made any personal capital contributions to LFP, LFP IP or any of their predecessors and/or affiliates.  Plaintiffs deny the allegations set forth in Paragraph 27.

28.     Plaintiffs admit that HUSTLER is synonymous with Larry, and that Larry claims an interest in the Cincinnati HUSTLER retail store.  Plaintiffs deny the remaining allegations set forth in Paragraph 28.

29.      Plaintiffs state that Larry and Jimmy have never been business partners or co-owners in any business.  Plaintiffs further state that Jimmy has never made any personal capital contributions to LFP, LFP IP or any of their predecessors and/or affiliates.  Plaintiffs state that prior to his termination in June 2009, Jimmy has been a salaried, at-will employee of LFP or its affiliates.  Plaintiffs also state that over the past forty plus years, Jimmy has been terminated from LFP and/or its affiliates several times are rehired by Larry.  Plaintiffs deny the allegations set forth in Paragraph 29.

30.     Plaintiffs admit that Larry owns and/or controls LFP, LFP IP and their affiliates.  Plaintiffs admit that Larry has claimed an interest in HCI.  Plaintiffs deny the remaining allegations set forth in Paragraph 30.

31.     Plaintiffs admit that Larry has continuously used the HUSTLER marks since 1968.  Plaintiffs deny the remaining allegations set forth in Paragraph 31.

32.     Plaintiffs deny the allegations set forth in Paragraph 32.

33.     Plaintiffs admit that Jimmy delivered a check for $5,000 to Byron Jennings. Plaintiffs deny the remaining allegations set forth in Paragraph 33.

34.     Plaintiffs admit that Larry operated a bar at 608 Walnut Street.  Plaintiffs deny the remaining allegations set forth in Paragraph 34.

35.     Plaintiffs admit that Dustoff, Inc. was incorporated in Ohio on January 2, 1970.  Plaintiffs admit that Jimmy held the liquor license for certain bars controlled by Larry.  Plaintiffs state that Larry and Jimmy have never been business partners or co-owners in any business.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35, and therefore deny same.

36.     Plaintiffs admit that Larry managed and promoted the Cincinnati Hustler Club.  Plaintiffs admit that Jimmy and Larry were both "young" at that time.  Plaintiffs deny the allegations set forth in Paragraph 36.

37.     Plaintiffs admit that Larry operated a bar on Walnut Street in Cincinnati in the 1970s, and admit that Larry later opened bars in Dayton, Columbus, Cleveland, Toledo, and Akron.  Plaintiffs deny the remaining allegations set forth in Paragraph 37.

38.     Plaintiffs state that Larry and Jimmy have never been business partners or co-owners in any business.  Plaintiffs lack knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in Paragraph 38, and therefore deny same.

39.     Plaintiffs admit that any records from the United States Patent and Trademark Office ("USPTO") speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 39.

40.     Plaintiffs admit that Larry has continuously used the HUSTLER marks since 1968 and that Jimmy has only used the HUSTLER mark in his capacity as an at-will employee and at the express consent of Larry.  Plaintiffs deny the allegations set forth in Paragraph 40.

41.     Plaintiffs admit that by 1973, there were several Hustler clubs, all of which were exclusively controlled by Larry.  Plaintiffs deny that Larry and Jimmy have never been business partners or co-owners of any business.  Plaintiffs further deny that Jimmy ever shared in the profits of losses of the Hustler clubs.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41, and therefore deny same.

42.     Plaintiffs admit that Jimmy held the liquor license for certain bars controlled by Larry.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42, and therefore deny same.

43.     Plaintiffs admit that Larry divorced Kathleen Chapa in 1973.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43, and therefore deny same.

44.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44, and therefore deny same.

45.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations that Mini Clubs was incorporated in Ohio prior to 1972.  Plaintiffs deny the remaining allegations set forth in Paragraph 45.

46.    Plaintiffs admit that Larry published a HUSTLER newsletter.  Plaintiffs deny the remaining allegations set forth in Paragraph 46.

47.    Plaintiffs admit that the Hustler newsletter was used to promote the Hustler clubs' dancers.  Plaintiffs deny that Mini Clubs "was regarded as the parent company for the Clubs, i.e., for 'Hustler.'"  Plaintiffs further deny that the Hustler newsletter "turned into" the current HUSTLER Magazine.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47, and therefore deny same.

48.    Plaintiffs admit that Larry attempted to sell one Hustler club franchise, but the sale was never consummated.  Plaintiffs deny the remaining allegations set forth in Paragraph 48.

49.    Plaintiffs admit that any records from the USPTO speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 49.

50.    Plaintiffs admit that Larry was Jimmy's best man at Jimmy's wedding to Bernice Green in Los Vegas.  Plaintiffs admit that the ante-nuptial agreement between Jimmy and Bernice speaks for itself.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 50, and therefore deny same.

51.    Plaintiffs admit that Larry had discussions with Ron Fenton of Gallery Magazine about a merger.  Plaintiffs admit that the purported press release referenced in

Paragraph 51 speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 51.

52.     Plaintiffs admit that the purported franchise packet referenced in Paragraph 52 speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 52.

53.     Plaintiffs deny the allegations set forth in Paragraph 53.

54.     Plaintiffs admit that in or about 1974, Larry reached an agreement with Capital Distributing Company to finance the publication of Hustler magazine.  Plaintiffs admit that any records from the USPTO speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 54.

55.     Plaintiffs deny the allegations set forth in Paragraph 55.

56.     Plaintiffs admit that Jimmy was the sole shareholder of Mini Clubs, which was dissolved in 1976.  Plaintiffs deny the remaining allegations set forth in Paragraph 56.

57.     Plaintiffs admit that Hustler magazine Vol. 1, No. 1 is a written document which speaks for itself.  Plaintiffs further admit that Hustler Magazine, Inc. was incorporated in Ohio on March 14, 1974 and that Larry claimed an interest in it.  Plaintiffs state that  Hustler Magazine, Inc. merged out of existence with LFP, a California corporation, in 1982.  Plaintiffs deny the remaining allegations set forth in Paragraph 57.

58.     Plaintiffs deny the allegations set forth in Paragraph 58.

59.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation that Jimmy was the 100% shareholder and director of Hustler Magazine, Inc.  Plaintiffs deny the remaining allegations set forth in Paragraph 59.

60.     Plaintiffs admit that Hustler magazine Vol. 1, No. 1 is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 60.

61.     Plaintiffs deny the allegations set forth in Paragraph 61.

62.     Plaintiffs admit that it was (and is) expensive to publish Hustler magazine. Plaintiffs deny the remaining allegations set forth in Paragraph 62.

63.     Plaintiffs admit that any records from the USPTO speak for themselves. Plaintiffs deny the remaining allegations set forth in Paragraph 63.

64.     Plaintiffs admit that the July, 1975 Hustler magazine is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 64.

65.     Plaintiffs admit that Larry purchased the "Jackie O. photos" in 1975 and that Jimmy, who had a passport, traveled to Italy to obtain them at Larry's instruction. Plaintiffs deny the remaining allegations set forth in Paragraph 65.

66.     Plaintiffs admit that the August, 1975 Hustler magazine is a written document which speaks for itself.  Plaintiffs also admit that this issue generated significant media and public attention.  Plaintiffs further admit that Jimmy traveled back from Rome with the "Jackie O. photos" in his possession.  Plaintiffs deny the remaining allegations set forth in Paragraph 66.

67.     Plaintiffs admit that the "Jackie O. photos" garnered significant media attention.  Plaintiffs admit that any story in Columbus Monthly is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 67.

68.     Plaintiffs deny the allegations set forth in Paragraph 68.

69.     Plaintiffs admit that Larry set up a mail order company called Leasure Time Products, Inc.  Plaintiffs further admit that Larry was ultimately married to Althea Leasure who was a performer in one of the Hustler clubs.  Plaintiffs deny the remaining allegations set forth in Paragraph 69.

70.     Plaintiffs admit that any records from the USPTO speak for themselves. Plaintiffs deny the remaining allegations set forth in Paragraph 70.

71. Plaintiffs admit that Larry abandoned the concept of franchising clubs and eventually focused on promoting Hustler magazine. Plaintiffs deny the remaining allegations set forth in Paragraph 71.

72. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72, and therefore deny same.

73. Plaintiffs admit that Flynt Distributing, Inc. was incorporated in Ohio on April 28, 1976 and Chic Magazine, Inc. was incorporated in Ohio on April 29, 1976. Plaintiffs deny the remaining allegations set forth in Paragraph 73.

74. Plaintiffs admit that Larry made significant contributions to the growth and expansion of HUSTLER Magazine, CHIC Magazine, and Flynt Distributing. Plaintiffs admit that any records from the USPTO or any internal Hustler newsletters speak for themselves. Plaintiffs deny the remaining allegations set forth in Paragraph 74.

75. Plaintiffs admit that LFP was incorporated in Ohio on September 29, 1976, but was merged out of existence in 1982 with LFP, Inc. (California corporation) as the surviving organization. Plaintiffs further admit that the public filings referenced in Paragraph 75 speak for themselves. Plaintiffs also admit that Larry was and is the face of Hustler Magazine. Plaintiffs deny the remaining allegations set forth in Paragraph 75.

76. Plaintiffs admit that Jimmy's Last Will and Testament speaks for itself. Plaintiffs deny the remaining allegations of Paragraph 76.

77. Plaintiffs deny the allegations set forth in Paragraph 77.

78. Plaintiffs admit that the publication of Hustler magazine was very profitable in the late 1970s. Plaintiffs admit that any criminal proceedings are public records which speak for themselves. Plaintiffs deny the remaining allegations set forth in Paragraph 78.

79.     Plaintiffs admit that Larry was shot in Georgia in March of 1978, and admit that Larry's significant injuries required hospitalization.  Plaintiffs deny the remaining allegations set forth in Paragraph 79.

80.     Plaintiffs admit that Larry and Althea Leasure were married in 1976, and that Jimmy was Larry's best man.  Plaintiffs further admit that Larry and his business ventures moved to California in 1979.  Plaintiffs deny the remaining allegations set forth in Paragraph 80.

81.     Plaintiffs admit that the time following Larry's shooting were difficult and that Althea Flynt passed away in 1987.  Plaintiffs deny the remaining allegations set forth in Paragraph 81.

82.     Plaintiffs deny the allegations set forth in Paragraph 82.

83.     Plaintiffs admit that any criminal proceedings are public records which speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 83.

84.     Plaintiffs admit that any criminal or civil proceedings are public records which speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 84.

85.     Plaintiffs admit that in 1984 Jimmy filed a Petition for Appointment of Conservator of the Estate of Larry requesting the authority "[t]o do and perform all acts which the proposed conservatee [Larry] would be able to do and perform with respect to L.F.P., Inc., as sole shareholder, director and chairman of the board thereof, and on behalf of all of its wholly-owned subsidiaries."  Plaintiffs also admit that Jimmy was briefly appointed as Larry's conservator, but was later sued by Larry for stealing from his estate. Plaintiffs deny the remaining allegations set forth in Paragraph 85.

86.     Plaintiffs deny the allegations set forth in Paragraph 86.

87. Plaintiffs admit that there was a period of separation between Jimmy and Larry. Plaintiffs deny the remaining allegations set forth in Paragraph 87.

88. Plaintiffs admit that Althea Flynt passed away in 1987, that Jimmy was Larry's best man at his wedding and that Althea was laid to rest in Eastern Kentucky. Plaintiffs deny the remaining allegations set forth in Paragraph 88.

89. Plaintiffs deny the allegations set forth in Paragraph 89.

90. Plaintiffs deny the allegations set forth in Paragraph 90.

91. Plaintiffs deny the allegations set forth in Paragraph 91.

92. Plaintiffs admit that Plaintiffs entered into the adult video market under the HUSTLER name. Plaintiffs deny the remaining allegations set forth in Paragraph 92.

93. Plaintiffs deny the allegations set forth in Paragraph 93.

94. Plaintiffs admit that Larry purchased a commercial building at 8484 Wilshire Boulevard in Beverly Hills, California, which became the headquarters for Larry's business operations. Plaintiffs admit that Jimmy spend time in California and lived with Larry at one point. Plaintiffs deny the remaining allegations set forth in Paragraph 94.

95. Plaintiffs admit that Larry wrote an autobiography and that he was involved in the production of "The People vs. Larry Flynt." Plaintiffs further admit that "The People vs. Larry Flynt" speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 95.

96. Plaintiffs admit that "The People vs. Larry Flynt" speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 96.

97. Plaintiffs admit that Larry and Jimmy attended a premiere of "The People vs. Larry Flynt" in Cincinnati in 1997 as well as the "after-party." Plaintiffs also admit that

Larry promoted his autobiography "An Unseemly Man."  Plaintiffs deny the remaining allegations set forth in Paragraph 97.

98.    Plaintiffs admit that around the time of the premiere of "The People v. Larry Flynt," Larry took exception to the fact that Hustler magazine was not available for sale in Hamilton County, Ohio. Plaintiffs deny the remaining allegations set forth in Paragraph 98.

99.    Plaintiffs deny the allegations set forth in Paragraph 99.

100.    Plaintiffs admit that HNG opened at 34 E. Sixth Street, and that Allie Jackson acted as the accountant.  Plaintiffs admit that Jimmy, as an employee LFP,  was involved in the opening of HNG.  Plaintiffs deny the remaining allegations set forth in Paragraph 100.

101.    Plaintiffs admit that HNG was incorporated in Ohio on October 21, 1997, and operated a newsstand in Cincinnati in 1997.   Plaintiffs further admit that Jimmy was the named shareholder of HGN, but invested no personal capital to its start-up or continued operations.  Plaintiffs deny the remaining allegations set forth in Paragraph 101.

102.    Plaintiffs deny the allegations set forth in Paragraph 102.

103.    Plaintiffs admit that Larry pursued a casino in Gardena, California, and obtained a California gaming license.  Plaintiffs further admit that Majestic Properties, Inc. purchased the real estate for the HUSTLER casino.  Plaintiffs deny the remaining allegations set forth in Paragraph 103.

104.    Plaintiffs admit that any article in the Cincinnati Enquirer speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 104.

105.    Plaintiffs admit that while the shares of HNG were in Jimmy's name, Larry controlled HGN.  Plaintiffs admit that in order to avoid personal exposure to criminal prosecution and obtain his California gaming license, Larry installed Jimmy as the sole

14

owner of HNG to act as an agent of LFP and its affiliates and finance its start-up operations. Plaintiffs deny the remaining allegations set forth in Paragraph 105.

106.    Plaintiffs admit that any criminal proceedings are public records which speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 106.

107.    Plaintiffs admit that Larry opened a HUSTLER HOLLYWOOD retail store in West Hollywood, California in 1998.  Plaintiffs admit that Jimmy, as an employee of LFP, was involved in getting the Hustler Hollywood retail store opened for business.  Plaintiffs deny the remaining allegations set forth in Paragraph 107.

108.    Plaintiffs admit that any records from the USPTO speak for themselves. Plaintiffs deny the remaining allegations set forth in Paragraph 108.

109.    Plaintiffs admit that the HUSTLER HOLLYWOOD store opened in West Hollywood, California in 1998, and that it is owned by HH-Entertainment, Inc.  Plaintiffs deny the remaining allegations set forth in Paragraph 109.

110.    Plaintiffs admit that any criminal proceedings are public records which speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 110.

111.    Plaintiffs admit that HNG was evicted from its location at 34 East 6th Street. Plaintiffs admit that HNG did not make license payments to LFP or any other entity. Plaintiffs deny the remaining allegations set forth in Paragraph 111.

112.    Plaintiffs admit that HGN was supposed to re-open on Race Street.  Plaintiffs deny the remaining allegations set forth in Paragraph 112.

113.    Plaintiffs admit that, at Larry's direction, Jimmy, an employee of LFP, was involved in the acquisition of certain real estate in Monroe, Ohio for the purposes of opening a HUSTLER HOLLYWOOD retail store.  Plaintiffs also admit that Jimmy, as an

employee, was involved in opening of the HUSTLER HOLLYWOOD retail store in Monroe, Ohio. Plaintiffs deny the remaining allegations set forth in Paragraph 113.

114. Plaintiffs admit that HCI was incorporated in Ohio in March of 2000 and operates the Hustler store located at 411 Elm Street. Plaintiffs further admit that Larry attended the grand opening and Jimmy, as an employee of LFP, was involved in opening and operating the store. Any lease agreements are written documents which speak for themselves. Plaintiffs deny the remaining allegations set forth in Paragraph 114.

115. Plaintiffs admit the allegations set forth in Paragraph 115.

116. Plaintiffs admit the allegations set forth in Paragraph 116.

117. Plaintiffs admit that Jimmy transferred the deed to the Monroe property to Lakeville Properties, Inc. Plaintiffs deny the remaining allegations set forth in Paragraph 117.

118. Plaintiffs admit that Hustler Hollywood of Ohio, Inc. (also known as HH-Monroe, Inc.) was incorporated in Ohio on November 14, 2000 for the purpose of operating the HUSTLER HOLLYWOOD store in Monroe. Plaintiffs admit that Jimmy held the shares of Hustler Hollywood of Ohio, Inc. (or HH-Monroe, Inc.) until he sold them to HH-Entertainment, Inc. in 2004. Plaintiffs deny the remaining allegations set forth in Paragraph 118.

119. Plaintiffs admit the allegations set forth in Paragraph 119.

120. Plaintiffs admit that the HUSTLER HOLLYWOOD store is still in operation. Plaintiffs further admit that Jimmy, in his capacity as an employee of Plaintiffs, performed certain activities necessary to open the Monroe store. Plaintiffs deny the remaining allegations set forth in Paragraph 120.

121.    Plaintiffs admit that any lease agreement is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 121.

122.    Plaintiffs admit that the HUSTLER HOLLYWOOD store in Monroe has been a commercial success.  Plaintiffs deny the remaining allegations set forth in Paragraph 122.

123.    Plaintiffs admit that any sale agreement or warranty deed is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 123.

124.    Plaintiffs admit that any lease agreement is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 124.

125.    Plaintiffs admit that any licensing agreement is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 125.

126.    Plaintiffs deny the allegations set forth in Paragraph 126.

127.    Plaintiffs admit that the referenced lease or licensing agreements are written documents which speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 127.

128.    Plaintiffs admit that Jimmy, in his capacity as an employee for Plaintiffs, was responsible for performing certain tasks to open new HUSTLER HOLLYWOOD stores across the country.  Plaintiffs deny the remaining allegations set forth in Paragraph 128.

129.    Plaintiffs admit that a HUSTLER retail store opened in San Diego  in 2002.  Plaintiffs deny the remaining allegations set forth in Paragraph 129.

130.    Plaintiffs admit that any Cincinnati Magazine article is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 130.

131.    Plaintiffs admit that Jimmy was inducted into the Hustler Hollywood Walk of Fame in 2002.  Plaintiffs deny the remaining allegations set forth in Paragraph 131.

132.    Plaintiffs admit that any video recording from the June 20, 2002 Walk of Fame ceremony speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 132.

133.    Plaintiffs admit that HUSTLER HOLLYWOOD stores opened in Lexington, Fort Lauderdale, New Orleans, Nashville, Tacoma, and St. Louis.  Plaintiffs deny the remaining allegations set forth in Paragraph 133.

134.    Plaintiffs admit that the HUSTLER HOLLYWOOD stores use the phrase "Relax...it's just sex" for marketing and on signage and various inventory.  Plaintiffs deny the remaining allegations set forth in Paragraph 134.

135.    Plaintiffs admit that their previous pleadings are written documents which speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 135.

136.    Plaintiffs admit that the various HUSTLER websites speak for themselves. Plaintiffs deny the remaining allegations set forth in Paragraph 136.

137.    Plaintiffs deny the allegations set forth in Paragraph 137.

138.    Plaintiffs admit that Larry passed out hundreds of issues of Hustler magazine on Fountain Square in May 2007.  Plaintiffs deny the remaining allegations set forth in Paragraph 138.

139.    Plaintiffs admit the allegations set forth in Paragraph 139.

140.    Plaintiffs admit that HNG paid the legal fees arising of the defense of HNG, Larry and Jimmy.  Plaintiffs deny the remaining allegations set forth in Paragraph 140.

141.    Plaintiffs admit the allegations set forth in Paragraph 141.

142.    Plaintiffs admit that any sale agreement or warranty deed is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 142.

143.    Plaintiffs admit that any purchase agreement is a written document which speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 143.

144.    Plaintiffs deny the allegations set forth in Paragraph 144.

145.    Plaintiffs admit that any sale agreement or warranty deed is a written document which speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 145.

146.    Plaintiffs deny the allegations set forth in Paragraph 146.

147.    Plaintiffs admit that any lease agreement is a written document which speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 147.

148.    Plaintiffs deny the allegations set forth in Paragraph 148.

149.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149, and therefore deny same.

150.    Plaintiffs admit that construction was complete on the Monroe store by December of 2000. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations that ground was broken on the Monroe store in May of 2000, and therefore deny same. Plaintiffs deny the remaining allegations set forth in Paragraph 150.

151.    Plaintiffs admit that Lakeville Properties, Inc. was incorporated in Ohio in November of 1999. Plaintiffs further admit that the agreement transferring title identified the consideration as assumption of debt by Lakeville Properties. Plaintiffs deny the remaining allegations set forth in Paragraph 151.

152.    Plaintiffs state that from the time the Monroe store opened, an oral licensing agreement was in place whereby Larry expressly consented to Jimmy's use of the HUSTLER

marks. Plaintiffs admit that any lease agreement is a written document which speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 152.

153.    Plaintiffs admit that the Monroe store did exceptionally well from a revenue and profitability standpoint soon after it opened its doors. Plaintiffs admit that any lease agreement is a written document which speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 153.

154.    Plaintiffs state that Jimmy entered to a licensing agreement to use the HUSTLER marks effective January 1, 2001, and that an oral license agreement existed prior to the execution of the written licensing agreement. Plaintiffs admit that any licensing agreement is a written document which speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 154.

155.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation that Hustler Hollywood Ohio, Inc. paid money to LFP after the second lease and licensing agreements were executed, and therefore deny same. Plaintiffs deny the remaining allegations set forth in Paragraph 155.

156.    Plaintiffs deny the allegations set forth in Paragraph 156.

157.    Plaintiffs deny the allegations set forth in Paragraph 157.

158.    Plaintiffs admit that the Monroe store is highly profitable. Plaintiffs deny the remaining allegations set forth in Paragraph 158.

159.    Plaintiffs admit that Jimmy held the title of President of HH-Monroe, Inc. and Hustler Entertainment, Inc. in 2004. Plaintiffs further admit that any stock sale agreement is a written document which speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 159.

160. Plaintiffs admit that any stock sale agreement is a written document which speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 160.

161. Plaintiffs deny the allegations set forth in Paragraph 161.

162. Plaintiffs state that Larry controlled Hustler Hollywood-Ohio, Inc. (also known as HH-Monroe, Inc.) despite that the shares were in Jimmy's name at one time. Plaintiffs deny the remaining allegations set forth in Paragraph 162.

163. Plaintiffs admit that in December 2004, Hustler Hollywood Ohio, Inc. was the most profitable retail store in the country. Plaintiffs deny the remaining allegations set forth in Paragraph 163.

164. Plaintiffs admit that Jimmy received a check for $150,000. Plaintiffs further admit that on February 24, 2005, HCI paid LFP $159,600 for license fees for the years 2003 and 2004. Plaintiffs deny the remaining allegations set forth in Paragraph 164.

165. Plaintiffs deny the allegations set forth in Paragraph 165.

166. Plaintiffs admit that Jimmy received the $150,000 check, and admit that HCI made license fee payments to LFP. Plaintiffs deny the remaining allegations set forth in Paragraph 166.

167. Plaintiffs admit that HCI made regular license fee payments to LFP. Plaintiffs further admit that that HCI claimed a tax deduction of for such expenses, resulting in a tax benefit to Jimmy. Plaintiffs deny the remaining allegations set forth in Paragraph 167.

168. Plaintiffs deny the allegations set forth in Paragraph 168.

169. Plaintiffs deny the allegations set forth in Paragraph 169.

170. Plaintiffs admit the allegations set forth in Paragraph 170.

171. Plaintiffs admit that Jimmy II and Dustin worked for LFP for several years. Plaintiffs deny the remaining allegations set forth in Paragraph 171.

172. Plaintiffs admit that Larry terminated Jimmy II and Dustin and paid them substantial severance packages. Plaintiffs deny the remaining allegations set forth in Paragraph 172.

173. Plaintiffs admit Jimmy II and Dustin attempted to use the Flynt name to sell and market Flynt videos. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 173, and therefore deny same.

174. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174, and therefore deny same.

175. Plaintiffs admit the allegations set forth in Paragraph 175.

176. Plaintiffs admit that Larry spoke to Jimmy in an attempt to resolve the *Flynt v. Flynt Media Corporation* litigation. Plaintiffs deny the remaining allegations set forth in Paragraph 176.

177. Plaintiffs admit that Jimmy, as an at-will employee, was paid a salary and certain employee benefits by Flynt Management Group, LLC before his termination. Plaintiffs deny the remaining allegations set forth in Paragraph 177.

178. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178, and therefore deny same.

179. Plaintiffs deny the allegations set forth in Paragraph 179.

180. Plaintiffs admit that Jimmy's pay was stopped in 2009. Plaintiffs deny the remaining allegations set forth in Paragraph 180.

181. Plaintiffs admit the allegations set forth in Paragraph 181.

182.    Plaintiffs admit that the referenced correspondence between Tom Candy and Allie Jackson and the Promissory Note are written documents which speaks for themselves. Plaintiffs deny the remaining allegations set forth in Paragraph 182.

183.    Plaintiffs deny the allegations set forth in Paragraph 183.

184.    Plaintiffs admit that the May 5, 2009 Letter is a written document which speaks for itself.  Plaintiffs further admit that HCI is involved in litigation related to its breach of lease.  Plaintiffs deny the remaining allegations set forth in Paragraph 184.

185.    Plaintiffs admit that the June 15, 2009 Letter is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 185.

186.    Plaintiffs admit that the June 25, 2009 Letter is a written document which speaks for itself.  Plaintiffs deny the remaining allegations set forth in Paragraph 186.

187.    Plaintiffs admit that the September 3, 2009 Letter and September 14, 2009 Letter are written documents which speak for themselves.  Plaintiffs deny the remaining allegations set forth in Paragraph 187.

188.    Plaintiffs admit that Larry is pursuing a new HUSTLER retail store in Cincinnati.  Plaintiffs deny the remaining allegations set forth in Paragraph 188.

189.    Plaintiffs deny the allegations set forth in Paragraph 189.

## COUNT 1

190.    In response to Paragraph 190, Plaintiffs restate their responses above as if fully rewritten herein.

191.    Paragraph 191 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 191.

192.    Paragraph 192 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 192.

193.    Paragraph 193 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 193.

194.    Paragraph 194 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 194.

195.    Paragraph 195 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 195.

196.    Paragraph 196 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 196.

197.    Paragraph 197 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 197.

198.    Paragraph 198 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 198.

199.    Paragraph 199 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 199.

200. Paragraph 200 states a legal conclusion to which no response is required. To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 200.

201. Plaintiffs deny the allegations set forth in Paragraph 201.

202. Plaintiffs deny the allegations set forth in Paragraph 202.

203. Plaintiffs deny the allegations set forth in Paragraph 203.

204. Plaintiffs deny the allegations set forth in Paragraph 204.

205. Plaintiffs deny the allegations set forth in Paragraph 205.

206. Plaintiffs deny the allegations set forth in Paragraph 206.

207. Plaintiffs deny the allegations set forth in Paragraph 207.

208. Plaintiffs deny the allegations set forth in Paragraph 208.

209. Plaintiffs deny the allegations set forth in Paragraph 209.

210. Plaintiffs deny the allegations set forth in Paragraph 210.

211. Plaintiffs admit that Larry has been promoted as the face of HUSTLER. Plaintiffs deny the remaining allegations set forth in Paragraph 211.

212. Plaintiffs admit that Larry has been the sole owner of various HUSTLER-related entities. Plaintiffs deny the remaining allegations set forth in Paragraph 212.

213. Plaintiffs deny the allegations set forth in Paragraph 213.

214. Plaintiffs deny the allegations set forth in Paragraph 214.

215. Plaintiffs deny the allegations set forth in Paragraph 215.

216. Plaintiffs deny the allegations set forth in Paragraph 216.

217. Paragraph 217 states the legal relief sought by Defendants, and therefore requires no response. To the extent that this Court deems a response necessary, Plaintiffs

deny the existence of a partnership and deny that Defendants are entitled to the relief sought.

218.    Paragraph 218 states the legal relief sought by Defendants, and therefore requires no response. To the extent that this Court deems a response necessary, Plaintiffs deny the existence of a partnership and deny that Defendants are entitled to the relief sought.

219.    Paragraph 219 states the legal relief sought by Defendants, and therefore requires no response. To the extent that this Court deems a response necessary, Plaintiffs deny the existence of a partnership and deny that Defendants are entitled to the relief sought.

## **COUNT 2**

220.    In response to Paragraph 220, Plaintiffs restate their responses above as if fully rewritten herein.

221.    Paragraph 221 states a legal conclusion to which no response is required. To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 221.

222.    Plaintiffs deny the allegations set forth in Paragraph 222.

223.    Plaintiffs deny the allegations set forth in Paragraph 223.

224.    Plaintiffs admit that any pending litigation is a public record which speaks for itself. Plaintiffs deny the remaining allegations set forth in Paragraph 224.

225.    Plaintiffs deny the allegations set forth in Paragraph 225.

226.    Plaintiffs admit that Larry is pursuing a new HUSTLER retail store in Cincinnati. Plaintiffs deny the remaining allegations set forth in Paragraph 226.

227.    Plaintiffs deny the allegations set forth in Paragraph 227.

228.    Plaintiffs deny the allegations set forth in Paragraph 228.

229.    Plaintiffs deny the allegations set forth in Paragraph 229.

## COUNT 3

230.    In response to Paragraph 230, Plaintiffs restate their responses above as if fully rewritten herein.

231.    Paragraph 231 states a legal conclusion to which no response is required. To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 231.

232.    Paragraph 232 states a legal conclusion to which no response is required. To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 232.

233.    Paragraph 233 states a legal conclusion to which no response is required. To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 233.

234.    Paragraph 234 states a legal conclusion to which no response is required. To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 234.

235.    Paragraph 235 states a legal conclusion to which no response is required. To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 235.

236.    Plaintiffs deny the allegations set forth in Paragraph 236.

237.    Plaintiffs deny the allegations set forth in Paragraph 237.

238.    Plaintiffs deny the allegations set forth in Paragraph 238.

239.    Plaintiffs deny the allegations set forth in Paragraph 239.

240.　Plaintiffs deny the allegations set forth in Paragraph 240.

241.　Plaintiffs deny the allegations set forth in Paragraph 241.

242.　Plaintiffs deny the allegations set forth in Paragraph 242.

243.　Plaintiffs deny the allegations set forth in Paragraph 243.

244.　Plaintiffs deny the allegations set forth in Paragraph 244, and deny that Defendants are entitled to the relief sought.

245.　Plaintiffs deny the allegations set forth in Paragraph 245.

**COUNT 4**

246.　In response to Paragraph 246, Plaintiffs restate their responses above as if fully rewritten herein.

247.　Plaintiffs admit that Jimmy was an employee over time of entities owned and controlled by Larry, but he was not a partner of Larry's.  Plaintiffs deny the remaining allegations set forth in Paragraph 247.

248.　Plaintiffs deny that Jimmy has received any profits from Flynt Management Group, LLC.  The remaining allegations of Paragraph 248 state legal conclusions to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 248.

249.　Plaintiffs deny that Jimmy's termination was wrongful in any way.  The remaining allegations of Paragraph 249 state legal conclusions to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 249.

250.　Plaintiffs deny the allegations set forth in Paragraph 250.

251.　Plaintiffs deny the allegations set forth in Paragraph 251.

252.　Plaintiffs deny the allegations set forth in Paragraph 252.

## COUNT 5

253.    In response to Paragraph 253, Plaintiffs restate their responses above as if fully rewritten herein.

254.    Paragraph 254 states the legal relief sought by Defendants, and therefore requires no response.  To the extent that this Court deems a response necessary, Plaintiffs deny that Defendants are entitled to the relief sought.

255.    Paragraph 255 states the legal relief sought by Defendants, and therefore requires no response.  To the extent that this Court deems a response necessary, Plaintiffs deny that Defendants are entitled to the relief sought.

## COUNT 6

256.    In response to Paragraph 256, Plaintiffs restate their responses above as if fully rewritten herein.

257.    Paragraph 257 states a legal conclusion to which no response is required.  To the extent that this Court deems a response necessary, Plaintiffs deny the allegations set forth in Paragraph 257.

258.    Plaintiffs deny the allegations set forth in Paragraph 258.

259.    Paragraph 259 states the legal relief sought by Defendants, and therefore requires no response.  To the extent that this Court deems a response necessary, Plaintiffs deny that Defendants are entitled to the relief sought.

## COUNT 7

260.    In response to Paragraph 260, Plaintiffs restate their responses above as if fully rewritten herein.

261.    Paragraph 261 states the legal relief sought by Defendants, and therefore requires no response.  To the extent that this Court deems a response necessary, Plaintiffs deny that Defendants are entitled to the relief sought.

262.    Paragraph 262 states the legal relief sought by Defendants, and therefore requires no response.  To the extent that this Court deems a response necessary, Plaintiffs deny that Defendants are entitled to the relief sought.

263.    Paragraph 263 states the legal relief sought by Defendants, and therefore requires no response.  To the extent that this Court deems a response necessary, Plaintiffs deny that Defendants are entitled to the relief sought.  To the extent the allegations following the word "WHEREFORE" are deemed part of Paragraph 263, Plaintiffs deny the allegations.

### SECOND DEFENSE

264.    Defendants' Counterclaim fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

265.    Defendants' Counterclaim is barred by the Statute of Frauds.

### FOURTH DEFENSE

266.    Count Four of Defendants' Counterclaim is barred because Jimmy was an employee at will of a non-party California company under California law and his contract was properly terminated.

### FIFTH DEFENSE

267.    Defendants' Counterclaim is barred by the applicable statute of limitations and/or the doctrines of waiver, estoppel and/or laches.

## SIXTH DEFENSE

268.   Defendants' damages, if any, were caused by parties or a series of events over which Plaintiffs had no control.

## SEVENTH DEFENSE

269.   Defendants have failed to mitigate their alleged damages, if any, thereby barring or diminishing their right to recovery herein.

## EIGHTH DEFENSE

270.   This Court lacks jurisdiction over the subject matter of Defendants' Counterclaim.

## NINTH DEFENSE

271.   Defendants' claims are barred by lack of jurisdiction over Plaintiffs.

## TENTH DEFENSE

272.   Defendants' claims are barred by improper venue.

## ELEVENTH DEFENSE

273.   Defendants have failed to plead fraud with the degree of particularity required by Fed. R. Civ. P. 9(b).

## TWELFTH DEFENSE

274.   Defendants' claims are barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

275.   Defendants have failed to comply with the requirements of Fed. R. Civ. P. 10(b).

## FOURTEENTH DEFENSE

276.   Defendants' claims are subject to, and are barred by, a release or accord and satisfaction.

## FIFTEENTH DEFENSE

277.    Defendants' claims for punitive damages violate the Constitutions of the United States of America and the State of Ohio, including but not limited to, the Due Process Clause and the Equal Protection Clause.

## SIXTEENTH DEFENSE

278.    Defendants' claims are barred by the doctrines of res judicata and/or collateral estoppel.

## SEVENTEENTH DEFENSE

279.    Defendants, as licensees, are estopped from challenging the validity of LFP's right to use and license the HUSTLER marks, challenging LFP IP's ownership of the HUSTLER marks, and from claiming that the license between them and LFP is a naked license as a result of their own misfeasance.

## EIGHTEENTH DEFENSE

280.    Any alleged rights held by Defendants to the HUSTLER marks were extinguished when Defendants entered into the licensing agreements with Plaintiffs, thus acknowledging and accepting Plaintiffs' superior rights in the marks.

## NINETEENTH DEFENSE

281.    Defendants' claims are barred by the doctrine of acquiescence.

## TWENTIETH DEFENSE

282.    Defendants do not have any rights to the HUSTLER marks at issue.

## TWENTY-FIRST DEFENSE

283.    Defendants' Counterclaim is made in bad faith with the purpose of harassing and maliciously injuring Larry Flynt and causing unnecessary delay and a needless increase in the cost of litigation, all in violation of O.R.C. § 2323.51 and Fed. R. Civ. P. 11.

## <u>TWENTY-SECOND DEFENSE</u>

284.    Plaintiffs reserve the right to assert any and all additional affirmative defenses that the discovery to be conducted herein may reveal to be necessary and/or appropriate.

WHEREFORE, having fully answered, Plaintiffs LFP IP, LLC , L.F.P., Inc., and Larry C. Flynt demand that Defendants' Counterclaim be dismissed at Defendants' costs, with attorneys' fees and all other relief the Court deems proper.

Respectfully submitted,

/s/ Mark A. Vander Laan
Mark A. Vander Laan (0013297)
E-Mail: mark.vanderlaan@dinslaw.com
Amanda P. Lenhart (0072517)
E-Mail: amanda.lenhart@dinslaw.com
Joshua A. Lorentz (0074136)
E-Mail:  joshua.lorentz@dinslaw.com
Robert M. Zimmerman (0079584)
Email:  robert.zimmerman@dinslaw.com
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
Phone:        (513) 977-8200
Fax:            (513) 977-8141

**Attorneys for Plaintiffs**
**LFP, Inc., L.F.P. IP, LLC,**
**and Larry C. Flynt**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following

by the Court's CM/ECF system this 22nd day of November, 2010:

Robert W. Hojnoski, Esq.
Carrie A. Masters, Esq.
REMINGER CO., LPA
525 Vine Street, Suite 1700
Cincinnati, OH  45202
Email: rhojnoski@reminger.com
          cmasters@reminger.com

**Attorneys for Defendants**
**Hustler Cincinnati, Inc.**
**and Jimmy R. Flynt**

/s/ Mark A. Vander Laan

1847414v1

34