## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| L.F.P. IP, LLC, et al., | : | Case No. 1:09cv913 |
| | : | (Judge William Bertelsman) |
| Plaintiffs, | : | (Magistrate Judge Stephanie Bowman) |
| | : | |
| vs. | : | |
| | : | **PLAINTIFFS' MOTION TO** |
| HUSTLER CINCINNATI, INC., et al., | : | **COMPEL DISCOVERY** |
| | : | **RESPONSES FROM** |
| Defendants. | : | **DEFENDANTS** |

Pursuant to Federal Rule of Civil Procedure 37 and Local Rules 37.1 and 37.2, Plaintiffs L.F.P. IP, LLC and LFP, Inc. (collectively, "Plaintiffs"), by and through counsel, hereby move this Court for an Order compelling Defendants Hustler Cincinnati, Inc. and Jimmy R. Flynt (collectively, "Defendants") to fully answer all interrogatories and produce all responsive documents, as set forth in Plaintiffs' Requests for Admission, Interrogatories, and Requests for Production of Documents served on November 3, 2010 (the "November Discovery Requests"). Additionally, Plaintiffs move this Court for an Order compelling Defendants to produce all documents responsive to Plaintiffs' Requests for Production of Documents served on August 10, 2010 (the "August Discovery Requests").

Plaintiffs further request that this Court award them their expenses incurred in bringing this Motion, including reasonable attorneys' fees, as provided in Federal Rule of Civil Procedure 37(a)(5)(A). This Motion is supported by the accompanying Memorandum in Support and the Affidavit of Mark A. Vander Laan, Esq. ("Vander Laan Affidavit"), with exhibits attached thereto.

Respectfully submitted,

/s/ Mark A. Vander Laan
Mark A. Vander Laan (0013297)
E-Mail: mark.vanderlaan@dinslaw.com
Amanda P. Lenhart (0072517)
E-Mail: amanda.lenhart@dinslaw.com
Joshua A. Lorentz (0074136)
E-Mail: joshua.lorentz@dinslaw.com
Robert M. Zimmerman (0079584)
Email: robert.zimmerman@dinslaw.com
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone:       (513) 977-8200
Fax:          (513) 977-8141

**Attorneys for Plaintiffs**
**LFP, Inc., L.F.P. IP, LLC, and Larry C. Flynt**

<u>**MEMORANDUM IN SUPPORT**</u>

## I.      Introduction

Defendants have failed to respond in any manner to the Interrogatories and Requests for Production of Documents contained in the November Discovery Requests.[1] Additionally, Defendants have failed to produce or make available all documents responsive to the August Discovery Requests.  Despite numerous attempts by counsel for Plaintiffs to resolve this dispute through extra-judicial means, this Court's involvement is now necessary.  With numerous depositions currently being conducted around the country in anticipation of the January 18, 2011 trial in this matter, it is imperative that this Court compel Defendants to respond to Plaintiffs' Interrogatories and Requests for Production of Documents contained in the November Discovery Requests.  For these same reasons,

---

[1] Defendants did respond to Plaintiffs' Requests for Admission, which were included in the November Discovery Requests.

Defendants must also be ordered to produce all documents responsive to the August Discovery Requests. Because Defendants have chosen to thwart the discovery procedures set forth in the Civil Rules, Plaintiffs are forced to bring this Motion to Compel.

## II. Factual Background

### A. The August Discovery Requests

On August 10, 2010, Plaintiffs served Defendants with the August Discovery Requests. (*See* Vander Laan Affidavit at ¶ 3, attached hereto as Exhibit A). Defendants responded to the August Discovery Requests on September 10, 2010. (*See id.*). Defendants' response to Request for Production of Documents No. 2 stated: "Additional responsive documents in HCI's possession, custody or control will be produced for inspection as such documents are maintained in the ordinary course of business at the office of Allie Jackson & Associates, 7297 Burlington Pike, Florence, KY 41042." (*See id.* at ¶ 4; Vander Laan Affidavit at Exhibit 1, Request for Production of Documents No. 2). Defendants provided similar responses to other document requests contained in the August Discovery Requests. (*See id.*; Vander Laan Affidavit at Exhibit 1, Request for Production of Documents Nos. 8, 10-12, 14-18, 20, 22, 23, 25-31, 34, 36, 38-40, 42-44). On September 19, 2010, Plaintiffs' counsel requested inspection of Allie L. Jackson's ("Mr. Jackson") documents in writing. (*See* Vander Laan Affidavit at ¶ 5; Vander Laan Affidavit at Exhibit 2).

Additionally, at the deposition of Mr. Jackson on September 23, 2010, Plaintiffs' counsel requested the opportunity to inspect certain documents located at Mr. Jackson's office. (*See* Vander Laan Affidavit at ¶ 6; Vander Laan Affidavit at Exhibit 3, p. 76: 5-6; 77-78: 20-20; 106: 6-10; 109: 2-20; 113: 18-22). On November 18, 2010, in an email to Defendants' counsel, counsel for Plaintiffs again requested review of Mr. Jackson's documents. (*See* Vander Laan Affidavit at ¶ 7; Vander Laan Affidavit at Exhibit 4).

3

Defendants' counsel did not respond. (*See id.*). Finally, on December 15, 2010, Plaintiffs' counsel sent an email to Defendants' counsel stating: "We also have not received the Allie Jackson documents that the Court ordered to be produced some time ago." (*See* Vander Laan Affidavit at ¶ 16; Vander Laan Affidavit at Exhibit 7). While it was Judge Martin of the Hamilton County, Ohio Court of Common Pleas who ordered production, Mr. Jackson's production is expected to be the same or substantially similar to the production ordered in the State Case.

Despite Defendants' responses to the August Discovery Requests, as well as Plaintiffs' counsel's numerous requests at the deposition and by email, the responsive documents located at Mr. Jackson's office have never been made available for inspection. (*See* Vander Laan Affidavit at ¶ 8). Nor have Defendants ever produced those documents to Plaintiffs' counsel. (*See id.*).

**B.    The November Discovery Requests**

On November 3, 2010, Plaintiffs served Defendants with the November Discovery Requests, via email and facsimile. (*See* Vander Laan Affidavit at ¶ 9). Defendants did respond to Plaintiffs' Requests for Admission, which were included in the November Discovery Requests. (*See id.* at ¶ 10). Defendants did not provide any response, however, to the Interrogatories. (*See id.* at ¶ 11). Nor did they produce any responsive documents. (*See id.*).

On December 6, 2010, counsel for Plaintiffs emailed Defendants' counsel regarding the status of Defendants' past due responses to Plaintiffs' November Discovery Requests. (*See id.* at ¶ 12; December 6, 2010 email, a copy of which is attached as Exhibit 6 to the Vander Laan Affidavit). Counsel for Plaintiffs noted that Defendants' responses "were due last week." (*See id.* at ¶ 13; Vander Laan Affidavit at Exhibit 6). Additionally, the December

4

6, 2010 email asked Defendants' counsel to advise when Plaintiffs' counsel could expect to receive the responses to the Interrogatories and Requests for Production of Documents. (*See id.*).

Defendants' counsel responded the same day, stating: "We are close to finalizing our responses to your interrogatories and supplemental document requests." (*See* Vander Laan Affidavit at ¶ 14; Vander Laan Affidavit at Exhibit 6). Shortly after receiving Defendants' counsel's email on December 6th, counsel for Plaintiffs again questioned when they could "expect any responses from [Defendants] to the overdue discovery that [Defendants] owe [Plaintiffs]." (*See id.*). And on December 8, 2010, during a recess in one of the ongoing depositions in this case, Plaintiffs' counsel again raised the issue of the past due discovery responses with Defendants' counsel. (*See* Vander Laan Affidavit at ¶ 15).

Having not received any responses to Plaintiffs' Interrogatories and Requests for Production of Documents contained in the November Discovery Requests, on December 15, 2010 Plaintiffs' counsel sent another email to Defendants' counsel concerning this issue. (*See* Vander Laan Affidavit at ¶ 16; December 15, 2010 email, a copy of which is attached as Exhibit 7 to the Vander Laan Affidavit). Counsel for Plaintiffs stated:

> On another subject, we have not received your client's responses to our Interrogatories and Requests for Production. Those are now two weeks overdue, with no extension having been provided. When can we expect those responses? We also have not received the Allie Jackson documents that the Court ordered to be produced some time ago.

> \* \* \*

(*See id.*). Despite Defendants' counsel previous representation that his clients' were "close to finalizing" the discovery responses, Plaintiffs' counsel has not received any such responses to their clients' Interrogatories and Request for Production of Documents contained in the November Discovery Requests. (*See* Vander Laan Affidavit at ¶ 17).

Clearly, all extra-judicial means of resolving this dispute have been exhausted. (*See id.* at ¶ 18).

## III.    Argument

Federal Rule of Civil Procedure 37 authorizes a party to move for an order compelling discovery if the opposing party does not respond to interrogatories and requests for production of documents within the time period required by the Civil Rules. *See* Fed. R. Civ. P. 37(a)(3)(B). And, courts are permitted to award expenses against the dilatory party, pursuant to Rule 37. *See* Fed. R. Civ. P. 37(a)(5)(A).

With regard to the November Discovery Requests themselves, the Civil Rules provide that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1). In this case, Defendants have not objected to any portion of the Interrogatories and Requests for Production of Documents contained in the November Discovery Requests; instead, they have simply failed to respond in any manner whatsoever, waiving any objections in the process.

Pursuant to the Civil Rules, Defendants were required to serve their responses to Plaintiffs' Interrogatories and Requests for Production of Documents contained in the November Discovery Requests by December 3, 2010. It is not as though this deadline was any surprise to Defendant's counsel, as they did respond to accompanying requests to admit in a timely fashion. Despite the efforts of Plaintiffs' counsel to resolve this matter through extra-judicial means over the past two weeks, Defendants have not responded at all to the November Discovery Requests. Thus, an order compelling Defendants to respond to those Interrogatories and Requests for Production of Documents is clearly appropriate in this case.

Similarly, Defendants should be ordered to produce all documents responsive to the August Discovery Requests. In their responses, Defendants stated that the documents maintained at the office of Allie Jackson & Associates would be made available to Plaintiffs' counsel for inspection. Additionally, Plaintiffs' counsel requested copies of such documents at the deposition of Mr. Jackson on September 23, 2010. Nevertheless, Defendants have failed to produce those documents or make them available to Plaintiffs' counsel for inspection.

Finally, Plaintiffs should be awarded their costs and reasonable attorneys' fees incurred in preparing and bringing this Motion to Compel, pursuant to Rule 37. Indeed, Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Notwithstanding the January 18, 2011 trial date in this matter, Defendants have completely failed to respond at all to Plaintiffs' Interrogatories and Requests for Production of Documents contained in the November Discovery Requests, which were served on November 3, 2009. And Defendants have failed to either produce or make available the documents located at Allie Jackson & Associates, as they promised to do in their responses to the August Discovery Requests.

As a result, Plaintiffs have been forced to proceed with scheduled depositions of Defendants' purported witnesses, as well as evidentiary depositions of their own witnesses, without having the benefit of receiving any documents responsive to their discovery requests. Defendants' counsel assured counsel for Plaintiffs that the responses to the

November Discovery Requests were forthcoming. But none have ever been produced. For these reasons, Plaintiffs should be awarded their reasonable costs and attorneys' fees associated with bringing this Motion.

## IV.   Conclusion

For any and all of the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Compel Defendants to respond to the Interrogatories and Requests for Production of Documents contained in the November Discovery Requests. Defendants should also be ordered to produce all documents responsive to the August Discovery Requests, including those documents located at Allie Jackson & Associates. Further, Plaintiffs request that they be awarded their expenses in bringing this Motion, including reasonable attorneys' fees.

Respectfully submitted,

/s/ Mark A. Vander Laan
Mark A. Vander Laan (0013297)
E-Mail: mark.vanderlaan@dinslaw.com
Amanda P. Lenhart (0072517)
E-Mail: amanda.lenhart@dinslaw.com
Joshua A. Lorentz (0074136)
E-Mail: joshua.lorentz@dinslaw.com
Robert M. Zimmerman (0079584)
Email: robert.zimmerman@dinslaw.com
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone:       (513) 977-8200
Fax:          (513) 977-8141

**Attorneys for Plaintiffs**
**LFP, Inc., L.F.P. IP, LLC, and Larry C. Flynt**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been duly served upon the following

by the Court's CM/ECF system this 21st day of December, 2010:

Robert W. Hojnoski, Esq.
Carrie A. Masters, Esq.
REMINGER CO., LPA
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
Email:  rhojnoski@reminger.com
        cmasters@reminger.com

**Attorneys for Defendants**
**Hustler Cincinnati, Inc.**
**and Jimmy R. Flynt**

/s/ Mark A. Vander Laan

9

EXHIBIT

A

Blumberg No. 5119

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

L.F.P. IP, LLC, et al.,                    :    Case No. 1:09cv913
                                           :    (Judge William Bertelsman)
         Plaintiffs,                     :    (Magistrate Judge Stephanie Bowman)
                                           :
  vs.                                     :    **AFFIDAVIT OF MARK A.**
                                           :    **VANDER LAAN, ESQ. IN**
HUSTLER CINCINNATI, INC., et al.,          :    **SUPPORT OF PLAINTIFFS'**
                                           :    **MOTION TO COMPEL**
        Defendants.                     :    **DISCOVERY RESPONSES FROM**
                                           :    **DEFENDANTS**

STATE OF OHIO            )
                         ) SS:
COUNTY OF HAMILTON       )

I, Mark A. Vander Laan, having been duly cautioned and sworn, state as follows:

1.      I am trial counsel for Plaintiffs L.F.P. IP, LLC and LFP, Inc. (collectively, "Plaintiffs") in the above-referenced matter and am competent to testify to the matters set forth herein.

2.      I make this Affidavit in support of Plaintiffs' Motion to Compel Discovery Responses from Defendants Hustler Cincinnati, Inc. and Jimmy R. Flynt (collectively, "Defendants").

3.      On August 10, 2010, Plaintiffs served Defendants with Requests for Production of Documents (the "August Discovery Requests"). Defendants responded to the August Discovery Requests on September 10, 2010. A copy of Defendants' responses to the August Discovery Requests is attached hereto as Exhibit 1.

4.      Defendants' response to Request for Production of Documents No. 2 stated: "Additional responsive documents in HCI's possession, custody or control will be produced for inspection as such documents are maintained in the ordinary course of business at the

office of Allie Jackson & Associates, 7297 Burlington Pike, Florence, KY 41042." (*See* Exhibit 1 at Request for Production of Documents No. 2). Defendants provided similar responses to other document requests contained in the August Discovery Requests. (*See* Exhibit 1 at Request for Production of Documents Nos. 8, 10-12, 14-18, 20, 22, 23, 25-31, 34, 36, 38-40, 42-44).

5.      On September 19, 2010, Plaintiffs' counsel requested inspection of Allie L. Jackson's ("Mr. Jackson") documents in writing. (*See* September 19, 2010 email, a copy of which is attached hereto as Exhibit 2).

6.      Additionally, at the deposition of Mr. Jackson on September 23, 2010, Plaintiffs' counsel requested the opportunity to inspect certain documents located at Mr. Jackson's office. (*See* relevant excerpts of the deposition of Mr. Jackson, attached hereto as Exhibit 3, at 76: 5-6; 77-78: 20-20; 106: 6-10; 109: 2-20; 113: 18-22).

7.      On November 18, 2010, in an email to Defendants' counsel, counsel for Plaintiffs <u>again</u> <u>requested</u> review of Mr. Jackson's documents. (*See* November 18, 2010 email, a copy of which is attached hereto as Exhibit 4). Defendants' counsel did not respond.

8.      Despite Defendants' responses to the August Discovery Requests, as well as Plaintiffs' counsel's subsequent requests at the deposition and by email, the responsive documents located at Mr. Jackson's office have never been made available for inspection. Nor have Defendants ever produced those documents to Plaintiffs' counsel.

9.      On November 3, 2010, Plaintiffs served Defendants with Requests for Admission, Interrogatories, and Requests for Production of Documents (the "November Discovery Requests"), via email and facsimile. A copy of Plaintiffs' November Discovery Requests is attached hereto as Exhibit 5.

10.     Defendants did respond to Plaintiffs' Requests for Admission, which were included in the November Discovery Requests.

11.     Defendants did not provide any response, however, to the Interrogatories. Nor did they produce any responsive documents.

12.     On December 6, 2010, Amanda P. Lenhart, Esq., co-counsel for Plaintiffs, emailed Defendants' counsel regarding the status of Defendants' past due responses to Plaintiffs' November Discovery Requests. (*See* December 6, 2010 email, a copy of which is attached hereto as Exhibit 6).

13.     Ms. Lenhart noted that Defendants' responses "were due last week." Additionally, Ms. Lenhart asked Defendants' counsel to advise when she could expect to receive the responses to Plaintiffs' Interrogatories and Request for Production of Documents contained in the November Discovery Requests.

14.     Defendants' counsel responded the same day, stating: "We are close to finalizing our responses to your interrogatories and supplemental document requests." (*See id.*). Shortly after receiving Defendants' counsel's email, I questioned when we could "expect any responses from [Defendants] to the overdue discovery that [Defendants] owe[d] [Plaintiffs]." (*See id.*).

15.     On December 8, 2010, during a recess in one of the ongoing depositions in this case, Ms. Lenhart again raised the issue of the past due discovery responses with Defendants' counsel.

16.     Having not received any responses to Plaintiffs' Interrogatories and Requests for Production of Documents contained in the November Discovery Requests, on December 15, 2010 Plaintiffs' co-counsel Robert Zimmerman sent another email to Defendants'

counsel concerning this matter. (*See* December 15, 2010 email, a copy of which is attached hereto as Exhibit 7). Mr. Zimmerman stated:

> On another subject, we have not received your client's responses to our Interrogatories and Requests for Production. Those are now two weeks overdue, with no extension having been provided. When can we expect those responses? We also have not received the Allie Jackson documents that the Court ordered to be produced some time ago.

* * *

(*See id.*). Again, there was no response from Defendants' counsel.

17. Despite Defendants' counsel previous representation that his clients' were "close to finalizing" the discovery responses, Plaintiffs' counsel has not received any such responses to the Interrogatories and Request for Production of Documents contained in the November Discovery Requests.

18. All extra-judicial means of resolving this discovery dispute have been exhausted.

Further Affiant saith naught.

_____
Mark A. Vander Laan

Sworn to and subscribed in my presence this 21st day of December, 2010.

_____
NOTARY PUBLIC

AMANDA P. LENHART
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.

EXHIBIT
1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| L.F.P. IP, LLC, et al., | : | **CASE NO.: 1:09CV913** |
| **Plaintiffs',** | : | **Judge Bertelsman** |
| vs. | : | |
| **HUSTLER CINCINNATI, INC.,** | : | **DEFENDANT HUSTLER CINCINNATI, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| **Defendant.** | : | |
| | : | |

Defendant/Counterclaimant Hustler Cincinnati, Inc., hereby submits the following responses to Plaintiffs' First Set of Requests for Production of Documents.

## REQUEST FOR PROCUTION OF DOCUMENTS

1.    Produce all documents or electronically stored information ("ESI") which relate or refer to any and all state or federal trademark or service mark registrations applied for, assigned or obtained by Hustler Cincinnati, Inc. ("HCI") at any time.

**RESPONSE: None.**

2.    All documents or ESI reflecting any advertising by Hustler Cincinnati, Inc. since 2000 to present.

**RESPONSE: Objection. Overbroad.  Unduly Burdensome.  Subject to said objections, see attached itemization of monies paid by HCI for advertising. Additional responsive documents in HCI's possession, custody or control will be produced for inspection as such documents are maintained in the ordinary course of business at the office of Allie Jackson & Associates, 7297 Burlington Pike Florence, KY 41042**

3.    Produce all documents or ESI supporting HCI's claims of ownership and/or right of use of "Hustler," "Hustler Cincinnati," "Relax...it's just sex!" and any other related marks in connection with its retail operation.

**RESPONSE: Objection. Overbroad. Vague. Unduly Burdensome. Subject to said objections, see documents produced and/or made available for inspection. HCI reserves the right to supplement this response.**

4. All correspondence in your possession between any representatives of HCI and LFP with respect to any marks utilized in connection with HCI's retail operation.

**RESPONSE: Objection. Overbroad. Vague. Unduly Burdensome. Subject to said objections. None at this time. Will supplement if any responsive documents are located.**

5. Produce all documents or ESI sent to HCI from United States Patent and Trademark Office ("USPTO") related to any marks utilized in the operation of HCI's retail operation.

**RESPONSE: None at this time. Will supplement if any responsive documents are located.**

6. Produce all documents or ESI related to or supporting any of the allegations contained in Count 2 of HCI's counterclaim.

**RESPONSE: Objection. Overbroad. Vague. Unduly Burdensome. Subject to said objections, see documents produced and see exhibits to HCI's Answer/Counterclaim.**

7. Produce all documents or ESI related to any contract, oral or written, that either HCI or any of its corporate predecessors, officers, directors, and/or shareholders may have executed or been a party to, since 1976, related to in any way the licensing, use, or ownership of any trade name, trademark, service mark or intellectual property of the "Hustler" or other related marks.

**RESPONSE: Objection. Vague. Overbroad. Unduly Burdensome. Subject to these objections and without waiving same, HCI did not enter into any valid, arms-length contracts with either Plaintiff.**

8. Produce all documents or ESI evidencing any ownership interests held by HCI in any other entity or property.

**RESPONSE: Objection. Overbroad. Vague. Unduly Burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving same, see documents produced and exhibits to HCI's Answer/Counterclaim. Also, see pleadings, depositions, and discovery in Flynt v. Flynt and HCI v. Elm 411, LLC pending in the Hamilton County Court of Common Pleas. In addition, some**

**documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

9.    Produce all documents or ESI related to any potential expansion of the retail operation by HCI or its shareholders, officers, and/or directors.

**RESPONSE: Objection. Vague. Overbroad.  Not reasonably calculated to lead to the discovery of admissible evidence. This request may seek information that is protected by the attorney-client privilege.**

10.   Produce all documents or ESI related to HCI's use of "Hustler" or any other related trade or service mark.

**RESPONSE:    Objection. Vague. Overbroad. Unduly Burdensome. This request may seek information that is protected by the attorney-client privilege. Subject to these objections and without waiving same, see documents produced and see exhibits to HCI's Answer/Counterclaim. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

11.   Produce all documents or ESI related to HCI's alleged "capital contributions" to LFP.

**RESPONSE: Objection. Vague. Overbroad. Unduly Burdensome. Subject to these objections and without waiving same, see documents produced and see exhibits to HCI's Answer/Counterclaim.   Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.  Will supplement if more become available.**

12.   Produce all documents or ESI demonstrating any fraudulent inducement by LFP to HCI associated with the monthly licensing payments for its use of "Hustler" or other related trade or service marks.

**RESPONSE: See documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

3

13. Produce all documents or ESI related to monetary payments made by HCI to LFP for use of "Hustler" or other related trade or service marks.

**RESPONSE: Objection. Vague. Ambiguous. Unduly Burdensome. HCI did not make any monetary payments to LFP for the "use of 'Hustler' " or other related trade or service marks.**

14. Produce all documents or ESI related to the formation, organization, and/or capitalization of HCI.

**RESPONSE: See attached documents in HCI's possession. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business. Will supplement if more become available.**

15. Produce all documents or ESI which support HCI's response to LFP's Complaint, including any and all factual claims, defenses or denials.

**RESPONSE: Objection. Overbroad. Unduly burdensome. This request may seek documents that are protected by the attorney-client and/or work product privilege. Subject to said objections and without waiving same, see documents produced. Some additional documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

16. Produce all documents or ESI which support HCI's Counterclaim or that were relied upon in the preparation of the HCI's Counterclaim.

**RESPONSE: Objection. Overbroad. Unduly burdensome. This request may seek documents that are protected by the attorney-client and/or work product privilege. Subject to said objections and without waiving same, see documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

17. Produce all exhibits you intend to use at the preliminary injunction hearing.

**RESPONSE: See documents produced which are potential exhibits to be used at the hearing. Will supplement if more documents become available. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

18. All documents or ESI reflecting who functioned in managerial roles at HCI and the timeframe during which such individual(s) held such positions.

**RESPONSE: Objection. Overbroad. Vague. Ambiguous. Unduly burdensome. This request may seek information protected by Ohio's privacy laws. Subject to and without waiving said objection, see documents produced. In addition, some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business subject to Ohio's privacy laws.**

19. All documents or ESI relating to HCI and any representative(s) who may be acting on its behalf at any trade shows.

**RESPONSE: Objection. Overbroad. Vague. Ambiguous. Not likely to lead to the discovery of admissible evidence. This request may seek information that is protected by the attorney-client privilege. This request may seek information that is protected by Ohio's privacy laws.**

20. All documents or ESI related to any letterhead, business cards, websites, or other promotional materials including but not necessarily limited to social networking services such as FACEBOOK and/or LinkedIn that are utilized in the marketing of HCI.

**RESPONSE: Objection. Overbroad. Vague. Ambiguous. Unduly burdensome. Subject to and without waiving said objections, HCI's Facebook and/or websites are available to the public. See also documents produced. In addition, some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

21. All documents or ESI reflecting communication, correspondence, proposals or agreements between HCI (or any officer, director, shareholder, or other representative of HCI), and any investors or potential investors.

**RESPONSE: Objection. Overbroad. Vague. Ambiguous. Not likely to lead to the discovery of admissible evidence. This request may seek information that is protected by that attorney-client privilege. Subject to and without waiving said objection, will supplement if such documents exist and become available.**

22. All documents or ESI reflecting communication, correspondence, proposals or agreements between HCI (or any officer, director, shareholder, or other representative of HCI), and any lender or financial institutions.

**RESPONSE: Objection. Overbroad. Vague. Ambiguous. Not likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

23. All documents or ESI evidencing any ownership interest or investment in HCI.

**RESPONSE: Objection. Overbroad. Ambiguous. Not likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see documents produced. Also, see pleadings, depositions, and discovery in Flynt v. Flynt and HCI v. Elm 411, LLC pending in the Hamilton County Court of Common Pleas. Finally, some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

24. All payroll records, employee timecards, employee timesheets, W2S, and all other documents reflecting who was employed at HCI, during what timeframe, and what work these individual(s) performed.

**RESPONSE: Objection. Overbroad. Vague. Unduly burdensome. Not likely to lead to the discovery of admissible evidence. This request seeks information that is protected by Ohio's privacy laws.**

25. Produce all documents or ESI supporting HCI's claim for damages in excess of $25,000.

**RESPONSE: See documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business. Will supplement as additional documents become available.**

26. Produce all documents or ESI that may pertain to any contracts entered into by HCI.

**RESPONSE: Objection. Overbroad. Vague. Unduly burdensome. This request may seek information protected by the attorney-client privilege. Subject to and without waiving said objections, see documents produced. Some documents responsive to this request may be in the possession of**

**Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

27. All documents or ESI evidencing any ownership or ownership history of HCI in the "Hustler" or other related trade or service mark or any other intellectual property, including, but not limited to, any historical transfers of this or any other related trade or service mark.

**RESPONSE: See documents produced in HCI's possession. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

28. Produce all documents or ESI related to all marketing materials, including any present website materials, wherein Hustler or other related trade or service marks are utilized by HCI.

**RESPONSE: Objection. Overbroad. Vague. Unduly burdensome. This request may seek information protected by the attorney-client privilege. Subject to and without waiving said objections, see documents produced. HCI's websites are public. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

29. Produce all documents or ESI related to HCI's continued retail operations including all communications with vendors and/or suppliers of product to it.

**RESPONSE: Objection. Overbroad. Vague. Unduly burdensome. Not likely to lead to the discovery of admissible evidence. This request may seek information protected by the attorney-client privilege. Subject to and without waiving said objections, see documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

30. Produce all documents or ESI related to HCI's business operations since January 2005 to present.

**RESPONSE: Objection. Overbroad. Vague. Unduly burdensome. Not likely to lead to the discovery of admissible evidence. This request may seek information protected by the attorney-client and/or work product privilege. Subject to and without waiving said objections, see documents produced. Some documents responsive to this request may be in the possession of**

7

**Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

31. Produce all documents or ESI related to HCI's payment of local, state, and federal taxes.

**RESPONSE: Objection. Overbroad. Unduly burdensome. Not likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

32. Produce all documents or ESI related to any written or other statements obtained from anyone related to the subject matter of this or any other lawsuit that HCI is or may be a party to in the near future.

**RESPONSE: Objection. Overbroad. Not likely to lead to the discovery of admissible evidence. This request may seek information that is protected by the attorney-client and/or work product privilege. Subject to and without waiving said objections, see documents produced. Also, see pleadings, depositions, and discovery in Flynt v. Flynt and HCI v. Elm 411, LLC pending in the Hamilton County Court of Common Pleas.**

33. Produce all documents or ESI related to any document retention and destruction policy, including electronically stored information, in effect from March 2003 to present.

**RESPONSE: None.**

34. Produce all documents or ESI relating to the creation, consideration, design, development, selection, adoption, and first use of "Hustler" or other related trade or service mark on any product or service by HCI.

**RESPONSE: Objection. This request may seek information that is protected by the attorney-client privilege. Subject to and without waiving said objection, see documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

35. Produce representative specimens of each label, container, trade dress, wrapper, packaging, letterhead, sign, catalog, brochure, or other material used to advertise, market, sell, promote or otherwise commercialize HCI's retail operations.

**RESPONSE: Objection. Overbroad. Vague. Unduly burdensome.**

8

36. Produce all documents or ESI relating to the distribution channels through which HCI's products or services are advertised, marketed, sold or promoted.

**RESPONSE: Objection. Overbroad. Vague. Unduly burdensome. This request may seek information that is protected by the attorney-client privilege. Subject to and without waiving said objections, see documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

37. Produce all materials relating to the classes of customers to whom HCI advertises, markets, sells, or promotes its products or services.

**RESPONSE: Objection. Vague. Ambiguous. Overbroad. Unduly burdensome. This request may seek information that is protected by the attorney-client privilege.**

38. Produce all documents or ESI or other materials relating to the yearly dollar and unit volume of sales to date and projected future dollar and unit volume of sales of HCI.

**RESPONSE: Objection. Overbroad. Unduly burdensome. Not likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

39. Produce all materials relating to variable and fixed costs for sales of Hustler products or services by HCI.

**RESPONSE: Objection. Overbroad. Unduly burdensome. Not likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

40. Produce all materials relating to gross and net profits from sales of Hustler products or services by HCI.

**RESPONSE: Objection. Overbroad. Unduly burdensome. Not likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

41. Produce all documents or ESI relating to the yearly costs to HCI for advertising, marketing, selling, and promoting its retail operations.

**RESPONSE: Objection. Overbroad. Unduly Burdensome. Subject to said objections, see attached itemization of monies paid by HCI for advertising.**

42. Produce all materials regarding HCI's past, present, and future plans to advertise, sell, or promote its retail operations.

**RESPONSE: Objection. Overbroad. Unduly Burdensome. This request may seek information that is protected by the attorney-client privilege. Subject to and without waiving said objections, see documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

43. Produce all representative specimens of all advertising and other promotional materials in which HCI utilizes "Hustler" or other related trade or service mark.

**RESPONSE: Objection. Overbroad. Unduly burdensome. Vague. Subject to and without waiving said objection, see documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

44. Produce any and all documents or ESI relating to any discussions, meetings, or other communication in which HCI was involved concerning its use of "Hustler" or other related trade or service mark in association with its business operations.

**RESPONSE: Objection. Overbroad. Vague. Unduly burdensome. Not likely to lead to the discovery of admissible evidence. This request may seek information that is protected by the attorney-client privilege. Subject to and without waiving said objections, see documents produced. Some documents responsive to this request may be in the possession of Allie Jackson and such documents will be made available for inspection as they are kept in the ordinary course of business.**

45. Produce all materials relating to any opinion, or any request for or inquiry about obtaining an opinion, about HCI's legal right to adopt or use "Hustler" or any other related trade or service mark.

**RESPONSE: Objection. Ambiguous. This request may seek information that is protected by the attorney-client and/or work product privilege. Subject to and without waiving said objections, will supplement if such information becomes available.**

46. Produce all documents or ESI relating to any application by HCI to register "Hustler," "Hustler Hollywood," "Relax...it's just sex!" or any other related trade or service mark as a trademark or service mark with any governmental authority both in the United State and abroad.

**RESPONSE: Will supplement.**

47. Produce HCI's organizational chart.

**RESPONSE: None.**

As to all objections,

s/Carrie A. Masters

_____

**Carrie A. Masters (0083922)**

Respectfully submitted,
REMINGER CO., L.P.A.

/s/ Carrie A. Masters
Robert W. Hojnoski (0070062)
Carrie A. Masters (0083922)
525 Vine St., Suite 1700
Cincinnati, OH 45202
Tel: 513/721-1311; Fax: 7212553
Email: rhojnoski@reminger.com
        cmasters@reminger.com
**Counsel for Defendant /
Counterclaimant Hustler
Cincinnati, Inc.**

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been electronically served and hand delivered this 10th day of September, 2010 to counsel for Plaintiffs.

/s/ Carrie A. Masters
Carrie A. Masters, Esq.



**Lenhart, Amanda**

| | |
|---|---|
| **From:** | Lenhart, Amanda |
| **Sent:** | Sunday, September 19, 2010 1:22 PM |
| **To:** | 'Carrie Masters'; Robert Hojnoski |
| **Cc:** | Vanderlaan, Mark; Lorentz, Joshua; Zimmerman, Robert |
| **Subject:** | RE: LFP IP/HCI: Motion to Modify 1/28/2010 Order.DOC;LFP IP/HCI: Order Granting Motion to Modify 1/28/2010 Order.DOC |

When can we take a look at Allie Jackson's documents? Please also advise on the status of the protective order and the start times for the depositions of Dustin Flynt and Allie Jackson on 9/23.

---

**From:** Carrie Masters [mailto:CMasters@reminger.com]
**Sent:** Thursday, September 16, 2010 2:16 PM
**To:** Lenhart, Amanda
**Cc:** Vanderlaan, Mark; Robert Hojnoski
**Subject:** RE: LFP IP/HCI: Motion to Modify 1/28/2010 Order.DOC;LFP IP/HCI: Order Granting Motion to Modify 1/28/2010 Order.DOC

Amanda-

We do not oppose your motion, however, the new paragraph 4 should reflect that we deposited $75,600 pursuant to the original order. Bob is out of town until Monday. As such, Monday afternoon or Tuesday would work best for us to review Allie Jackson's documents. Please advise.

Carrie A. Masters, Esq.
Reminger Co., L.P.A.
(513) 455-4033

---

**From:** Lenhart, Amanda [Amanda.Lenhart@DINSLAW.COM]
**Sent:** Thursday, September 16, 2010 1:49 PM
**To:** Robert Hojnoski
**Cc:** Carrie Masters; Vanderlaan, Mark
**Subject:** LFP IP/HCI: Motion to Modify 1/28/2010 Order.DOC;LFP IP/HCI: Order Granting Motion to Modify 1/28/2010 Order.DOC

Bob: Please advise if you consent to the filing of the attached. Also, I would like to review Allie Jackson's documents tomorrow or Monday. Please advise when we can make arrangements for inspection.


Dinsmore & Shohl
**Amanda Prebble Lenhart, Esq.**
*Partner*
255 E. 5th St., Suite 1900; Cincinnati, OH 45202
Phone: (513) 977-8692; Fax: (513) 977-8141
amanda.lenhart@dinslaw.com; www.dinslaw.com

Assistant:
Becky J. Wagner (513) 977-8299; becky.wagner@dinslaw.com



*NOTICE*: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an

attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

This is a privileged and confidential communication. If you are not the intended recipient, you must: (1) Notify the sender of the error; (2) Destroy this communication entirely, including deletion of all associated attachment files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means.

1

EXHIBIT
3
Blumberg No. 5119

```
 1              UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF OHIO

 3                   WESTERN DIVISION

 4

 5    ------------------------------------
                                         :
 6    L.F.P. IP, LLC, et al.,            :
                                         :
 7          Plaintiffs,                  :
                                         :
 8       vs.                             :  CASE NO.
                                         :  1:09CV913
 9    HUSTLER CINCINNATI, INC.,          :
                                         :
10          Defendant.                   :
                                         :
11    ------------------------------------

12

13

14          Deposition of:  ALLIE LEE JACKSON, III

15          Taken:          By the Plaintiffs
                            Pursuant to Subpoena
16
            Date:           September 23, 2010
17
            Time:           Commencing at 1:57 p.m.
18
            Place:          United Stated District Court
19                          35 West Fifth Street
                            Room 359
20                          Covington, Ohio   41011-1401

21          Before:         Wendy L. Raymer, RPR, CRR
                            Notary Public -
22                          Commonwealth of Kentucky

23

24                               [ORIGINAL]

25
```

1        MR. HOJNOSKI: He is not going to make any

2    agreements now. You can make whatever request

3    you would like, and we'll address them.

4 BY MS. LENHART:

5    Q. I am going to make a request that we be

6 able to view that general ledger at your office.

7    A. Oh, yeah.

8    Q. Okay.

9    A. What I was saying about the -- you know,

10 because a general ledger, you know, it's -- it's time

11 sensitive. So, I mean, you know, if I'm -- if you're

12 talking about from day one, you know, then it's going

13 to do every, you know, check, everything with every

14 account and how it goes, so it's pretty broad. You

15 know, you're looking at something like this, you

16 know.

17    Q. Right. It's searchable, though, correct?

18    A. Now, as far as on the computer, yeah, I

19 mean, you can do it by date.

20    Q. Yes, yes.

21    A. You can do it by vendor, you can do it --

22 yes.

23    Q. I would also request any correspondence

24 between you and Jimmy Flynt or Reminger.

25    MR. HOJNOSKI: Objection, objection.

```
 1        A.    Okay.
 2  BY MS. LENHART:
 3        Q.    Documents reflecting canceled checks
 4  between Hustler Cincinnati, Inc. and any of the
 5  California entities.
 6              MR. HOJNOSKI:  What does that mean,
 7        California entities?
 8              MS. LENHART:  Well, as he understands it.
 9              MR. HOJNOSKI:  Okay.
10              MS. LENHART:   He has referred to it,
11        L.F.P., Inc., L.F.P. IP, HH-Entertainment --
12        A.    So checks, okay.
13  BY MS. LENHART:
14        Q.    -- FMG.  I do not have tax returns for
15  Jimmy Flynt from 2008 and 2009, I would request
16  those.
17              MR. HOJNOSKI:  Jimmy Flynt is not a party
18        to this case.
19  BY MS. LENHART:
20        Q.    I would request the tax returns of Hustler
21  Cincinnati, Inc. from 2008 and 2009, I do not have
22  those.
23              MR. HOJNOSKI:  Objection, objection.
24        A.    2008, 2009.  And you're still requesting
25  Jimmy's?
```

1   BY MS. LENHART:

2       Q.   Yes.

3       A.   2008, okay.

4       Q.   And the financials of Hustler Cincinnati,

5   Inc. from inception to present.

6       A.   I am going to have to use that pen.   What

7   was that now?

8       Q.   Financials of Hustler Cincinnati, Inc.

9   from inception to present.

10      A.   There again, that's a broad request.   If

11  you could give me, like, a date, because a financial

12  statement every day is a financial statement.

13      Q.   Well, I want monthly cash flow P&Ls.

14      A.   Okay.

15      Q.   What's the other thing that's in this tab?

16      A.   Well, you've balance sheet --

17      Q.   Yes.

18      A.   -- income statement, and the cash flow you

19  want.

20      Q.   Yes.

21          MR. HOJNOSKI:   We will be looking for a

22          like-kind exchange of all this information from

23          L.F.P. IP, which has already been requested and

24          not produced, so -- par for the course.

25          MS. LENHART:   You will have it today if it

1  paying him a little bit out of Hustler

2  Hollywood-Ohio, and then it went -- after that, when

3  it was -- it may have been the time that it got sold,

4  and they started drawing a salary out of

5  HH-Entertainment instead.

6       Q.    The documents that you have, would that

7  reflect that information?

8       A.    I can print out employee records, it would

9  show when he got a W-2, yes.

10           MS. LENHART:  I would request those.

11           MR. HOJNOSKI:  Again, you can make

12      whatever requests you want.  We'll respond to

13      it.

14           MS. LENHART:  I didn't ask you.

15           MR. HOJNOSKI:  Well, you're not his boss,

16      so --

17           MS. LENHART:  And you're not his lawyer.

18           MR. HOJNOSKI:  You're asking for records

19      of my client.  Excuse me, are you going to

20      start your attitude, which has been silent for

21      a day or two?  Give me a break.

22           MS. LENHART:  There is no privilege.

23  BY MS. LENHART:

24       Q.    If you to turn to Schedule E on this tax

25  return -- part 2, I'm sorry.

1   reflect that information?

2        A.    The -- you know, in the -- I'm not sure if

3   I would have copies of the W-2s, I still might have

4   those physical.  If not, then what I would be able to

5   do is I would be able to tell you when -- when he was

6   getting wages from the Monroe store and then after

7   that, it would have come from Hustler Entertainment.

8   Prior to that, it would have come from L.F.P.

9        Q.    What document -- what kind of document

10  would that be on?

11       A.    On the -- in the accounting software, I

12  could do, you know, a wage report, which would

13  show -- and I can do it from 2000 to 2007 or

14  whenever, and it would show the wages that he earned

15  and can --

16       Q.    Okay.

17       A.    And you could further detail it as far as

18  the actual dates.

19       Q.    We would request that on the record as

20  well, to the extent it is not already covered.  If we

21  could look at 2004 specifically.  Part 2, under

22  capital gains and losses --

23       A.    Uh-huh.

24       Q.    -- there is an entry for the business sale

25  of Hustler Hollywood-Ohio.

1      Q.      And, again, you signed this and Jimmy

2   signed this?

3      A.      Yes.

4      Q.      And it was filed with the IRS?

5      A.      Correct.

6      Q.      If you could turn to -- looks like

7   Schedule L?

8      A.      Right.

9      Q.      And that's HCI381?

10     A.      Correct.

11     Q.      There is, for the tax year 2001, a

12   liability of $612,463?

13     A.      At the end of year 2002, correct.

14     Q.      That's right.  Was this for the licensing

15   fee?

16     A.      That would probably have been part of it.

17     Q.      Do you know what the remaining --

18     A.      I would have to go look at the balance

19   sheet.  Like I said, these are -- these are condensed

20   balance sheets, so you don't have all the detail.  I

21   guess you want to put that on your list?

22     Q.      Sure.

23     A.      But the balance sheet would show that.

24   You're going to be getting balance sheets.  The one

25   as of 12/31/02 would show that, so --

```
 1                   C E R T I F I C A T E

 2  COMMONWEALTH OF KENTUCKY      :
                                  :           SS
 3  COUNTY OF CAMPBELL            :

 4       I, Wendy L. Raymer, RPR, CRR, the undersigned,

 5  a duly qualified and commissioned notary public

 6  within and for the Commonwealth of Kentucky, do

 7  hereby certify that before the giving of his

 8  aforesaid deposition, ALLIE LEE JACKSON, III was by

 9  me first duly sworn to depose the truth, the whole

10  truth and nothing but the truth; that the foregoing

11  is the deposition given at said time and place by

12  ALLIE LEE JACKSON, III; that said deposition was

13  taken in all respects pursuant to stipulations of

14  counsel; that I am neither a relative of nor employee

15  of any of the parties or their counsel, and have no

16  interest whatever in the result of the action; that I

17  am not, nor is the court reporting firm with which I

18  am affiliated, under a contract as defined in Civil

19  Rule 28(D).

20       IN WITNESS WHEREOF, I hereunto set my hand and

21  official seal of office at Newport, Kentucky, this

22  24th day of September_____, 2010.

23                        _____

24  My commission expires:  S/Wendy L. Raymer, RPR, CRR
    May 26, 2013.           Notary Public - Commonwealth
25                              of Kentucky
```

*Raymer Reporting, Inc.*
*(513) 405-2456*



EXHIBIT

4

**Lenhart, Amanda**

| | |
|---|---|
| **From:** | Lenhart, Amanda |
| **Sent:** | Thursday, November 18, 2010 12:54 PM |
| **To:** | Lenhart, Amanda; 'RHojnoski@reminger.com'; 'CMasters@reminger.com' |
| **Cc:** | Vanderlaan, Mark; Lorentz, Joshua; Zimmerman, Robert |
| **Subject:** | RE: non-Calfor'nia depositions |

I am writing to follow up on the dates below. As you can imagine, this is a busy time of year for all of these witnesses, so we need to schedule these asap. Also, please confirm that you will be identifying lay witnesses by tomorrow as we discussed last week.

Finally, please let me know when I can review Allie Jackson's documents in both the trademark and eviction matters. Thanks.

Amanda

---

**From:** Lenhart, Amanda
**Sent:** Monday, November 15, 2010 3:54 PM
**To:** 'RHojnoski@reminger.com'; 'CMasters@reminger.com'
**Cc:** Vanderlaan, Mark; Lorentz, Joshua; Zimmerman, Robert
**Subject:** non-Calforria depositions

Bob and Carrie: I am writing to schedule the depositions of the non-California witnesses below. While I intend to subpeona these witnesses, I have contacted them regarding their availability as identified. Please advise at your earliest convenience if these dates work for you. Would would also request the depositions of Bernice Flynt and Ollie Brook.

Teddy Flynt (KY) November 29 or 30

Joe Walsh, Esq. (Dayton, OH) (December 2)

Daniel Silvers of Hayground Cove Capital Partners LLC, in New York, NY (weeks of December 20 and 27)

I have blocked of fthe weeks of Decemeber 6 and 13 for California depositions and will get back to shortly with dates and names.

Dinsmore Shohl

**Amanda Prebble Lenhart, Esq.**
*Partner*
255 E. 5th St., Suite 1900; Cincinnati, OH 45202
Phone: (513) 977-8692; Fax: (513) 977-8141
amanda.lenhart@dinslaw.com; www.dinslaw.com

Assistant:
Becky J. Wagner (513) 977-8299; becky.wagner@dinslaw.com



EXHIBIT 5

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **L.F.P. IP, LLC, et al.,** | : | Case No. 1:09cv913 |
| | : | |
| Plaintiffs, | : | Judge Bertelsman |
| | : | |
| vs. | : | Magistrate Wehrman |
| | : | |
| **HUSTLER CINCINNATI, INC.,** | : | **PLAINTIFFS' FIRST SET OF** |
| | : | **REQUESTS FOR ADMISSION,** |
| Defendant. | : | **INTERROGATORIES, AND** |
| | : | **REQUESTS FOR PRODUCTION** |

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiffs L.F.P. IP, LLC ("LFP IP") and LFP, Inc. ("LFP") (collectively, "Plaintiffs") hereby propound the following requests for admission, interrogatories, and requests for production of documents ("Requests") upon Defendants Hustler Cincinnati, Inc. ("HCI") and Jimmy R. Flynt ("Jimmy") (collectively, "Defendants") to be answered within twenty-eight (28) days from service. Unless negated by the context of the Requests, the following definitions and instructions are to be considered to be applicable to all Requests contained herein:

## DEFINITIONS AND INSTRUCTIONS

(A) "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term documents includes, without limitation, correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, analyses, drawings, diagrams, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, drafts, diaries, logs, proposals, printouts, recordings, telegrams, films, and all other such documents tangible or retrievable of any kind. Documents also include any preliminary notes and drafts of all the foregoing in whatever form, for example, printed, types, longhand, shorthand, on paper, paper tape,

tabulating cards, ribbon blueprints, magnetic tape, microfilm, film, motion picture file, phonograph records, or other form.

(B)     With respect to documents, the term "identify" means to give the date, title, author and addresses; identify with respect to documents further means:

(I)     to describe a document sufficiently well to enable the interrogator to know what such document is and to retrieve it from a file or wherever it may be located;

(II)    to describe it in a manner suitable for use as a description in a subpoena;

(III)   to give the name, address, position or title of the person(s) who has custody of the document and/or copies thereof.

(C)     "Identify" when used in reference to an individual means:

(I)     to state his/her full name;

(II)    present residence address or last known residence;

(III)   present or last known business address;

(IV)    present employer or last known employer;

(V)     whether ever employed by any party to this action and, if so, the dates he (she) was employed by such party, the name of such party, and the last position held as an employee of such party.

(D)     Whenever the expression "and/or" is used in these requests for production, the information called for should be set out in the conjunctive and disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

(E)     Whenever a date, amount or other computation or figure is requested, the exact date, amount or other computation or figure is to be given unless it is not known; and then the approximate date, amount or other computation or figure should be given or the best estimate thereof; and the answer shall state that the date, amount or other computations or figure is an estimate or approximation.

(F)     No answer is to be left blank.  If the answer to a request for production is "none" or "unknown," such statement must be written in the answer.  If the question is inapplicable, "N/A" must be written in the answer.  If an answer is omitted because of the claim of privilege, the basis of the privilege is to be stated.

(G)     These requests for production are continuing, and any information secured subsequent to the filing of your answers which would have been includable in the answers had it been known or available, are to be supplied by supplemental answers.

(H)     "You" or "Defendants" refers to Defendants Hustler Cincinnati, Inc., Jimmy R. Flynt, and your employees, officers, directors, owners, attorneys, and agents.

(I)     "Plaintiffs" refers to Plaintiffs L.F.P. IP, LLC and LFP, Inc. and their employees, officers, directors, owners, attorneys, agents, and affiliates.

(J)     "Larry" shall refer to Jimmy's brother Larry C. Flynt.

(K)     "Partnership Entities" refers to all entities in which Jimmy claims an ownership or partnership interest, including those named as Defendants in *Flynt v. Flynt*, Hamilton County Common Pleas Court Case No. A0911923.

(L)     "HUSTLER Marks" shall refer to U.S. Registration No. 1,011,001 for HUSTLER, U.S. Registration No. 1,474,758 for HUSTLER, U.S. Registration No. 2,001,594 for HUSTLER, U.S. Registration No. 2,200,271 for HUSTLER, U.S. Registration No. 2,410,985 for HUSTLER, U.S. Registration No. 2,679,483 for HUSTLER, U.S. Registration

3

No. 2,689,852 for HUSTLER, U.S. Registration No. 3,149,102 for HUSTLER, U.S. Registration No. 3,166,771 for HUSTLER, U.S. Registration No. 1,145,751 for HUSTLER HUMOR, U.S. Registration No. 2,677,772 for HUSTLER VIDEO, U.S. Registration No. 3,008,879 for HUSTLER TV, U.S. Registration No. 3,096,427 for THE HUSTLER CLUB, U.S. Registration No. 3,156,609 for HUSTLER CASINO, and U.S. Registration No. 2,318,186 for HUSTLER HOLLYWOOD.

     (M)    "LFP Entities" shall refer to Flynt Management Group, LFP IP, LFP, and all other related entities owned or controlled by Larry.

     (N)    "Personal funds" shall refer to all funds being drawn from an account personally owned by Jimmy Flynt, that is not affiliated with, owned, or held by the LFP Entities.

## REQUESTS FOR ADMISSION

     1.    Admit that no written partnership agreement exists between Jimmy and Larry.

**RESPONSE:**

     2.    Admit that LFP IP is the current registrant and holder of the HUSTLER Marks with the United States Patent and Trademark Office ("USPTO").

**RESPONSE:**

     3.    Admit that LFP IP is the owner of the HUSTLER Marks.

**RESPONSE:**

    4.    Admit that neither HCI nor Jimmy has ever registered a trademark with the USPTO.

**RESPONSE:**

    5.    Admit that on June 1, 1978, Jimmy and Larry executed an Agreement to "resolve any and all differences which exist or may exist in the future between the parties hereto regarding the ownership of any company or properties owned or controlled by L.F.P., Inc." ("1978 Agreement") which gave Jimmy the right to use the HUSTLER trademark in certain business.

**RESPONSE:**

    6.    Admit that under the 1978 Agreement, Larry and Althea Flynt conveyed to Jimmy "all stock certificates representing one hundred percent (100%) of the ownership of the company known as Leisure Time Products ("LTP")".

**RESPONSE:**

    7.    Admit that in 1984, Jimmy filed a Petition for Appointment of Conservator of the Estate of Larry in the Superior Court of the State of California, requesting the authority

5

"[t]o do and perform all acts which the proposed conservatee would be able to do and perform with respect to L.F.P., Inc., as sole shareholder, director and chairman of the board thereof, and on behalf of all of its wholly-owned subsidiaries."

**RESPONSE:**

8.     Admit that under the 1978 Agreement, Larry and Althea Flynt granted Jimmy the right to use the HUSTLER trademark in LTP's business, but that Larry and Althea "reserve[d] the right to reasonably refuse such use."

**RESPONSE:**

9.     Admit that Larry, LFP, and Jimmy executed a Consulting Agreement and Security Agreement on November 18, 1984 whereby Larry, LFP, and Hustler Magazine, Inc. granted Jimmy "a security interest in and to that certain trademark and service mark of 'Hustler' for periodicals and other publications, or any interest therein, whether such trademark and service mark is subsisting at common law or otherwise and including all applications and registrations therefor and all proceeds thereof."

**RESPONSE:**

10.     Admit that on November 30, 1984, Larry and Jimmy renegotiated the Consulting Agreement and executed a Release wherein Jimmy stated that he "hereby forever releases, discharges LFP and [Larry] and reconveys to LFP and any related or

6

affiliated entities any and all rights [Jimmy] may have obtained pursuant to the [Consulting Agreement and Security Agreement]."

**RESPONSE:**

       11.    Admit that Jimmy has testified under oath that he did not have an ownership interest in the alleged Partnership Entities other than Hustler News & Gifts, Inc., Hustler-Hollywood Ohio, Inc., and HCI.

**RESPONSE:**

       12.    Admit that Jimmy did not invest any Personal Funds to finance the opening of Hustler News & Gifts, Inc.

**RESPONSE:**

       13.    Admit that at the time Jimmy held the stock of Hustler News & Gifts, Inc. Jimmy was an employee of LFP.

**RESPONSE:**

       14.    Admit that Jimmy did not invest any Personal Funds to finance the opening of Hustler-Hollywood Ohio, Inc.

7

**RESPONSE:**

15.     Admit that at the time Jimmy owned the stock of Hustler Hollywood Ohio, Inc., he was an employee of LFP.

**RESPONSE:**

16.     Admit that in 2001 Jimmy executed a licensing agreement with LFP on behalf of Hustler-Hollywood Ohio, Inc.

**RESPONSE:**

17.     Admit that Hustler-Hollywood Ohio, Inc. took a tax deduction of $780,000 in 2001 for these license fee expenses, which reduced Jimmy's personal tax liability.

**RESPONSE:**

18.     Admit that prior to June, 2009, Jimmy was an employee of LFP or Flynt Management Group ("FMG").

**RESPONSE:**

19.    Admit that from 2004 through 2010, HCI has made regular payments to LFP that were identified by HCI and/or an HCI representative as "license fees" or "royalty payment."

**RESPONSE:**

20.    Admit that HCI took tax deductions for license fee expenses, which reduced Jimmy's personal tax liability.

**RESPONSE:**

21.    Admit that Jimmy has never paid taxes on behalf of any alleged Partnership Entities other than Hustler News & Gifts, Inc., Hustler-Hollywood Ohio, Inc. and HCI.

**RESPONSE:**

22.    Admit that since 1980, Jimmy has not invested any Personal Funds into any alleged Partnership Entities, including Hustler News & Gifts, Inc., Hustler-Hollywood Ohio, Inc., and HCI.

**RESPONSE:**

23.    Admit that Jimmy never advised his accountant, Allie Jackson, that he was a partner or owner of the alleged Partnership Entities.

**RESPONSE:**

24.     Admit that Jimmy held the shares of Hustler News & Gifts, Inc., Hustler Hollywood Ohio, Inc. and HCI as an agent of Larry.

**RESPONSE:**

25.     Admit that HCI had a license agreement with LFP for use of the HUSTLER trademark.

**RESPONSE:**

26.     Admit that from July, 2003 through May, 2009, HCI made license payments to LFP for use of the HUSTLER trademark

**RESPONSE:**

27.     Admit that from January, 2001 through December, 2004, Hustler Hollywood Ohio, Inc. made license payments to LFP for use of the HUSTLER trademark.

**RESPONSE:**

28.     Admit that Jimmy was terminated from FMG as of June 15, 2009.

**RESPONSE:**

29.     Admit that from June through August, 2009, HCI did not make license payments to LFP.

**RESPONSE:**

30.     Admit that HCI received a letter from LFP's president, Michael Klein, demanding that HCI make the required license payments.

**RESPONSE:**

31.     Admit that HCI did not make any effort to cure its default.

**RESPONSE:**

32.     Admit that HCI's license was terminated on September 14, 2009.

**RESPONSE:**

33.     Admit that Jimmy has no ownership interest in the alleged Partnership Entities.

**RESPONSE:**

34.    Admit that from July, 2003 through May, 2009, the quality of the goods and services offered by LFP, LFP IP, and LFP Publishing did not change or deteriorate.

**RESPONSE:**

35.    Admit that from July, 2003 through May, 2009, the quality of the goods and services offered at all HUSTLER branded stores did not charge or deteriorate.

**RESPONSE:**

36.    Admit that from July, 2003 through May, 2009, the quality of the goods and services offered at HCI did not change or deteriorate.

**RESPONSE:**

37.    Admit that from July, 2003 through May, 2009, the quality of the goods and services offered at HCI was consistent with the quality of goods and services offered at other HUSTLER branded stores.

**RESPONSE:**

38.    Admit that at some time between 2002 and May, 2009, operations at HCI could be viewed by representatives from FMG, LFP, or another Flynt related entity or representative.

**RESPONSE:**

39.    Admit that at some time from 2002 to May, 2009, Theresa Flynt visited HCI.

**RESPONSE:**

40.    Admit that the HUSTLER Marks are famous.

**RESPONSE:**

41.    Admit that one of the LFP Entities own the HUSTLER Marks.

**RESPONSE:**

42.    Admit that from 2001 through 2010, one of the LFP Entities have sold goods under the HUSTLER Marks.

**RESPONSE:**

13

43.     Admit that from 2001 through 2010, one of the LFP Entities has collected royalties from third-party licenses to use the HUSTLER Marks.

**RESPONSE:**

44.     Admit that HCI and the LFP Entities sell similar goods.

**RESPONSE:**

45.     Admit that HCI and the LFP Entities sell goods to similar consumers.

**RESPONSE:**

46.     Admit that HCI and the LFP Entities sell in the same channels of trade.

**RESPONSE:**

47.     Admit that HCI and the LFP Entities market their goods to similar consumers.

**RESPONSE:**

## INTERROGATORIES

1.     Identify each person providing any information, or assisting in any way with the answers to these discovery requests.

**RESPONSE:**

2.     If your response to any of the foregoing Requests for Admission is anything other than "Admitted," then please identify all facts and evidence to support your response to said Requests.

**RESPONSE:**

3.     Identify all documents, materials, or things which you will introduce at trial as evidence (as, an exhibit, for demonstrative purposes, or for any other purpose). Alternatively, you may produce documents responsive to this interrogatory.

**RESPONSE:**

4.     Identify all individuals anticipated to be called at the trial of this matter as a witness. In so answering, please also provide a description of his or her anticipated testimony.

**RESPONSE:**

15

5.　　Identify all individuals anticipated to be called at the trial of this matter as an expert witness.　In so answering, please also provide a description of his or her qualifications, and a summary of his or her anticipated testimony.

**RESPONSE:**

6.　　Identify all facts and documents that you contend support your allegation that Jimmy and Larry are partners.

**RESPONSE:**

7.　　Identify all facts and documents that you contend supports each and every affirmative defense asserted in this action by you.

**RESPONSE:**

8.　　Identify each and every personal guaranty that Jimmy has ever executed on behalf of the alleged Partnership Entities.

**RESPONSE:**

9.　　Identify each and every loan for which Jimmy has ever been the borrower.

**RESPONSE:**

10.     Identify any stocks owned by Jimmy.

**RESPONSE:**

11.     Identify each and every conversation or communication where an oral partnership agreement was reached between Jimmy and Larry, including the time, place, persons present, and substance of the conversation.

**RESPONSE:**

12.     Identify each and every instance where Jimmy has been identified or held out as Larry's partner or co-owner.

**RESPONSE:**

13.     Identify the purpose of all payments made by HCI to LFP over the course of 2002 to May 2009.

**RESPONSE:**

14.     Identify the purpose of all payments made by Hustler Hollywood Ohio, Inc. to LFP over the course of 2002 to May 2009.

**RESPONSE:**

## DOCUMENT REQUESTS

1.     Produce all documents identified in or relied upon in responding to the Requests for Admission and Interrogatories set forth above.

**RESPONSE:**

2.     Produce copies of any and all communications, by whatever means, between you and Plaintiffs.

**RESPONSE:**

3.     Produce copies of any and all communications, by whatever means, between you and any employees, agents, representatives, or affiliates of FMG.

**RESPONSE:**

18

4.    Produce all documents, materials, or things which you will rely upon at trial as evidence, as an exhibit, for demonstrative purposes, or for any other purpose.

**RESPONSE:**

5.    Produce all reports generated by any expert witness whom you intend to call at trial.

**RESPONSE:**

6.    Produce all documents supplied to any experts in connection with this case.

**RESPONSE:**

7.    Produce a resume and/or C.V. of any expert witness whom you intend to call at trial.

**RESPONSE:**

8.    Produce all documents constituting or reflecting a partnership agreement between Jimmy and Larry.

**RESPONSE:**

9. Produce all tax returns filed by Jimmy since 1969.

**RESPONSE:**

10. Produce all financial statements prepared by Jimmy or on his behalf.

**RESPONSE:**

11. Produce all loans and personal guaranties signed by Jimmy.

**RESPONSE:**

12. Produce all documents constituting or reflecting capital contributions to the alleged Partnership Entities.

**RESPONSE:**

13. Produce all documents constituting or reflecting Jimmy's receipt of profits from the alleged Partnership Entities.

**RESPONSE:**

14. Produce all documents constituting or reflecting Jimmy's ownership interest in the alleged Partnership Entities.

**RESPONSE:**

15. Produce all documents constituting or reflecting trademark registrations held by Jimmy and/or HCI.

**RESPONSE:**

16. Produce any other documents which support your counterclaims and/or defenses in this matter.

**RESPONSE:**

17. Produce all documents and communications, electronic or otherwise, that support your answer to Interrogatory No. 26.

**RESPONSE:**

18. Produce all documents and communications, electronic or otherwise, that support your answer to Interrogatory No. 27.

**RESPONSE:**

Respectfully submitted,

*Amanda P. Lenhart*

Mark A. Vander Laan (0013297)
E-Mail: mark.vanderlaan@dinslaw.com
Amanda P. Lenhart (0072517)
E-Mail: amanda.lenhart@dinslaw.com
Joshua A. Lorentz (0074136)
E-Mail: joshua.lorentz@dinslaw.com
Robert M. Zimmerman (0079584)
Email: robert.zimmerman@dinslaw.com
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone:      (513) 977-8200
Fax:          (513) 977-8141

**Attorneys for Plaintiffs**
**LFP, Inc. and L.F.P. IP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following

by Electronic Mail and Facsimile this 3rd day of November, 2010:

Robert W. Hojnoski, Esq.
Carrie A. Masters, Esq.
REMINGER CO., LPA
525 Vine Street, Suite 1700
Cincinnati, OH 45202
Email: rhojnoski@reminger.com
        cmasters@reminger.com

**Attorneys for Defendant**
**Hustler Cincinnati, Inc.**

*Amanda P. Lenhart*

22



-----Original Message-----
From: Vanderlaan, Mark
Sent: Monday, December 06, 2010 12:46 PM
To: 'Robert Hojnoski'
Cc: Carrie Masters; Lenhart, Amanda
Subject: RE: Overdue Discovery

When can we expect any responses from you to the overdue discovery that you owe us? Have you confirmed the date for Lou Sirkin's deposition?

Mark A. Vander Laan
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: 513-977-8238
Facsimile: 513-977-8505 / 8141
E-Mail: mark.vanderlaan@dinslaw.com


-----Original Message-----
From: Robert Hojnoski [mailto:RHojnoski@reminger.com]
Sent: Monday, December 06, 2010 12:43 PM
To: Lenhart, Amanda
Cc: Carrie Masters; Vanderlaan, Mark
Subject: Re: Overdue Discovery

Amanda:

 We have now reviewed the documents you were withholding pending an agreement on a protective order. There are still numerous gaps in your client's production. Based upon your letters and the documents provided to us, you have not produced:

LFP 1127-2758
LFP 2928
LFP 2934-2988
LFP 2994-3019
LFP 3023-3037
LFP 3055-3070
LFP 4172-4249

This amounts to approximately 1700 documents which have not been produced for some undisclosed reason.  Please immediately e-mail the above documents and provide hard copies at 9 AM tomorrow - or let us know if there is some reason why the referenced documents are being withheld. In addition, we have had no response to our extended email early last week outlining your many discovery deficiencies.

We are close to finalizing our responses to your interrogatories and supplemental document requests.

We would respectfully request 3 normal sized office chairs for the depositions since, as you know, the normal chairs that are in there are uncomfortably low. Thank you.

----- Original Message -----
From: Lenhart, Amanda [mailto:Amanda.Lenhart@DINSLAW.COM]
Sent: Monday, December 06, 2010 12:28 PM
To: Robert Hojnoski; Carrie Masters
Cc: Vanderlaan, Mark <VANDERLA@DINSLAW.com>; Zimmerman, Robert <robert.zimmerman@dinslaw.com>;
Lorentz, Joshua <JLORENTZ@DINSLAW.com>
Subject: Overdue Discovery

Bob: As you know, defendants' responses to plaintiffs' document requests and interrogatories were due last week. Please advise when we can expect to receive responses and documents as soon as possible. In addition, please confirm dates for Lou's, Bernice's and Ollie's depositions for the week of 12/20 and the availability of the remaining witnesses you have identified.

Amanda


Sent from my iPad
NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.


This is a privileged and confidential communication. If you are not the intended recipient, you must: (1) Notify the sender of the error; (2) Destroy this communication entirely, including deletion of all associated attachment files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means.



EXHIBIT

7

-----Original Message-----
From: Zimmerman, Robert
Sent: Wednesday, December 15, 2010 9:25 PM
To: Vanderlaan, Mark; Lenhart, Amanda; Robert Hojnoski; Carrie Masters; sconley@reminger.com
Subject: RE: Remaining Depositions

Bob,

As we discussed today, we need to immediately finalize the depositions listed below.  If you do not intend to call some of the previously-identified witnesses (such as Chamberlain and Baes), please advise in writing by Friday.  Otherwise, we need to get firm dates as soon as possible.  Let us know if the proposed schedule works, and what date would be best for Mr. Silvers' rescheduled deposition.  I understand that we are all very busy this week, but it will only get harder to schedule these depositions the longer we wait.

On another subject, we have not received your client's responses to our Interrogatories and Requests for Production.  Those are now two weeks overdue, with no extension having been provided.  When can we expect those responses?  We have also not received the Allie Jackson documents that the Court ordered to be produced some time ago.

Finally, we have not received Mr. Moll's overdue expert report.  Please advise when that will be produced.  As you know, we cannot schedule his deposition without it.

Given the short timeframe that we have to complete discovery and prepare for trial, I am hopeful that we can resolve these issues as soon as possible.  Thanks for your cooperation.

-Rob


From: Vanderlaan, Mark
Sent: Tuesday, December 14, 2010 7:58 AM
To: Lenhart, Amanda; Robert Hojnoski; Carrie Masters; sconley@reminger.com
Cc: Zimmerman, Robert
Subject: RE: Remaining Depositions

I spoke with Lou Sirkin yesterday afternoon, and his deposition will be at 9:30 on 12/22.  He had a court hearing scheduled for 12/21.

Mark A. Vander Laan
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
Phone:  513-977-8238
Facsimile:  513-977-8505 / 8141
E-Mail:  mark.vanderlaan@dinslaw.com


-----Original Message-----
From: Lenhart, Amanda
Sent: Monday, December 13, 2010 10:51 PM
To: Robert Hojnoski; Carrie Masters; sconley@reminger.com

1

Cc: Vanderlaan, Mark; Zimmerman, Robert
Subject: Remaining Depositions

We are writing to confirm/propose dates for the remaining depositions as follows:

12/20- Ollie and Bernice

12/21-Sirkin

12/22-Silvers

12/23-Miller (via video)

12/27-Chamberlain & Baes

12/29-Hawkins and Shapiro

Kahn: tbd

When can we expect Moll's report? Upon receipt, we will schedule his deposition.

Thanks

Amanda

Sent from my iPad