UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CIVIL ACTION NO. 1:09cv913 (WOB)

L.F.P.IP, LLC, ET AL.                                         PLAINTIFFS

VS.                               ORDER

HUSTLER CINCINNATI, INC.,
ET AL.                                                        DEFENDANTS

This matter is before the Court on defendants' motion to alter/amend and/or for additional findings of fact (Doc. 225) and plaintiffs' response thereto (Doc. 227). Defendants filed no reply. The Court concludes that oral argument is unnecessary to the resolution of this motion.

The Court entered its Order of Permanent Injunction on December 30, 2011. (Doc. 204). That injunction enjoins defendants from, *inter alia*:

> c. using any trademark or any variation thereof owned by L.F.P., Inc., LFP IP, LLC, Larry C. Flynt, HH-Entertainment, Inc., any Hustler Hollywood retail store, or any other entity owned, in whole or part, by Larry C. Flynt or the Larry Flynt Revocable Trust, including but not limited to "Relax . . . it's just sex."

(Doc. 204 ¶ 1c). Defendants filed a Notice of Interlocutory Appeal from this injunction. (Doc. 207).

On February 10, 2012, plaintiffs filed a Motion for Order to Show Cause as to why defendants should not be held

in contempt for violating the above provision based, in part, on their use of the Flynt surname in conjunction with certain business operations. (Doc. 209). Plaintiffs contended that such use violated the provision of the injunction quoted above because: (a) plaintiffs own the registered mark "Larry Flynt," a mark within the definition set forth in paragraph 1c; and (b) defendants' use of the surname Flynt created a likelihood of confusion with plaintiff's registered mark.

The Court held a hearing on this motion to show cause and, somewhat informally, attempted to craft conditions under which defendants could proceed with their use of the challenged signage while remaining in compliance with the original injunction. (Doc. 222). This was certainly the Court's intent.

The Court agrees with defendants, however, that such conditions were arguably modifications of the injunction and that, accordingly, defendants were entitled to further development of the record on the issues at hand. The Court will therefore set aside the challenged order.

Setting aside that order, of course, means that plaintiffs' motion to show cause remains unresolved. However, because the propriety of the Order of Permanent Injunction as a whole is the subject of defendants' pending

2

appeal before the Sixth Circuit, the Court will hold the show cause motion in abeyance pending a ruling in that appeal.

Therefore, having heard the parties, and the Court being otherwise advised,

**IT IS ORDERED** that:

(1) Defendants' motion to alter/amend and/or for additional findings of fact (Doc. 225) be, and is hereby, **GRANTED IN PART AND DENIED IN PART**, consistent with this Order;

(2) The Court's Order of June 7, 2012 (Doc. 222) be, and is hereby, **SET ASIDE**; and

(3) Plaintiffs' motion to show cause (Doc. 209) be, and is hereby, **REINSTATED AS A PENDING MOTION**, but that motion is **HELD IN ABEYANCE** pending a ruling on defendants' interlocutory appeal by the United States Court of Appeals for the Sixth Circuit.

This 29th day of August, 2012.



Signed By:
William O. Bertelsman WOB
United States District Judge