# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **LFP IP, LLC, et al.,** | : | Case No. 1:09cv913 |
| | : | |
| Plaintiffs, | : | Judge Bertelsman |
| | : | |
| vs. | : | Magistrate Judge Bowman |
| | : | |
| **HUSTLER CINCINNATI, INC., et al.,** | : | **PLAINTIFFS' RENEWED MOTION FOR AN ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT OF COURT** |
| Defendants. | : | |

Plaintiffs LFP IP, LLC ("LFP IP"), L.F.P., Inc. ("LFP"), and Larry C. Flynt ("Larry") (collectively, "Plaintiffs") hereby renew their motion to the Court for an Order requiring Defendants Jimmy R. Flynt ("Jimmy") to appear and show cause why he should not be held in contempt of Court for violating this Court's December 30, 2011 Order of Permanent Injunction ("Injunction"), which was affirmed by the United States Court of Appeals for the Sixth Circuit.

Despite the Court's Injunction barring Jimmy from using any of the trademarks owned by Plaintiffs, the Sixth Circuit's Decision that the Court's "injunction appropriately enjoined Jimmy's practice of willfully infringing Larry's trademarks," and Plaintiffs' previously-filed Motion to Show Cause, Jimmy continues to be in violation of the Injunction by: 1) using the website WWW.FLYNTSEXYGIFTS.COM to market adult products and his retail locations and; 2) prominently marketing his store in Florence, Kentucky as "FLYNT Sexy Gifts." Accordingly, Jimmy should be required to appear and show cause why he should not be held in contempt. Upon a finding of contempt, Jimmy should be required to pay a $100,000 fine, and reimburse Plaintiffs for their costs and attorneys' fees incurred in preparing this Motion. This Motion is supported by the

1

attached Memorandum In Support and the attached Affidavits of John Huheey and Kate Schrader.

Respectfully submitted,

/s/ Mark A. Vander Laan
Mark A. Vander Laan (0013297)
E-Mail: mark.vanderlaan@dinsmore.com
Amanda P. Lenhart (0072517)
E-Mail: amanda.lenhart@dinsmore.com
Joshua A. Lorentz (0074136)
E-Mail: joshua.lorentz@dinsmore.com
Robert M. Zimmerman (0079584)
Email: robert.zimmerman@dinsmore.com
DINSMORE & SHOHL LLP
1900 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141

**Attorneys for Plaintiffs L.F.P., Inc.,
LFP IP, LLC, and Larry C. Flynt
and Counterclaim Defendants
Flynt Management Group, LLC,
HH-Entertainment, Inc. and
The Larry Flynt Revocable Trust**

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION/FACTUAL CONTEXT**

On December 30, 2011, this Court entered the Injunction, which barred Defendants and anyone in active concert or participation from:

> a. using in commerce any HUSTLER trademark, service mark or any variation thereof, or any name or mark confusingly similar thereto, as a trademark, trade name, or business name; or any variation thereof by itself or in combination with any other design or word elements in commerce as a trademark, trade name, domain name, business name or

2

>    otherwise infringing or engaging in deceptive practices by use of the HUSTLER trademark;
>
>    b. using in commerce HUSTLER or any variation thereof for goods or services, or on the internet, as domain names, business names, email addresses, or other uses which would infringe on plaintiffs' trademark rights, or engaging in acts likely to cause confusion as to the source, sponsorship, endorsement or affiliation of Defendants with Plaintiffs; and
>
>    c. using any trademark or any variation thereof owned by L.F.P., Inc., LFP IP, LLC, Larry C. Flynt, HH-Entertainment, Inc., any Hustler Hollywood retail store, or any other entity owned, in whole or in part, by Larry C. Flynt or the Larry Flynt Revocable Trust…

(Doc. #204, ¶ 1).

Approximately one month after the issuance of the Injunction, Plaintiffs filed a Motion for an Order Requiring Defendants to Show Cause Why They Should Not Be Held in Contempt of Court. (Doc. # 209) ("Motion to Show Cause"). Plaintiffs' Motion to Show Cause was based upon, among other things, Jimmy's marketing of his Florence, Kentucky store as "FLYNT Sexy Gifts." The Court initially granted Plaintiffs' Motion to Show Cause in part on June 6, 2012. (Doc. # 222). The Court found that "the signage at Jimmy's new store in Florence, Kentucky creates a likelihood of confusion with the 'Larry Flynt' mark owned by plaintiffs, in violation of ¶ 1(c)." (*Id*. at p. 2). The Court elaborated:

>    That is, the signs prominently display 'FLYNT' in the name 'FLYNT Sexy Gifts' and include Jimmy's first name only inside an adjacent crest in much smaller letters, which is hardly discernible. Thus, the signs create the reasonable and likely impression that the store may be affiliated with Larry Flynt. The same is true for Jimmy's website name: 'flyntsexygifts.com' and any other medium or thing on which Jimmy is using this business name.

(*Id*. at pp 2-3).

Finding persuasive the permanent injunction issued by United States District Judge A. Howard Matz in the California trademark litigation between Larry and

3

Jimmy's sons, the Court required that "the signage, website and any other medium or thing used in connection with Jimmy's business which uses the word 'Flynt' be revised to include Jimmy's first name before 'Flynt,' in the same size, font, style and background color." (*Id.* at p. 2). The Court also required the use of a disclaimer such as that ordered in the California action." (*Id.*).

With respect to Jimmy's website, the Court ordered that Jimmy "cease using the website domain address flyntsexygifts.com" and that any new website is subject to the foregoing restrictions on size, font, style and background color. (*Id.* at p. 5). In addition, the Court required that any new website "must display on its home page a conspicuous disclaimer, in bold and all capital letters, stating that the business is not 'sponsored, endorsed by, or affiliated with Larry Flynt or Hustler, or any business enterprise owned or controlled by Larry Flynt.'" (*Id.*).

The Court later set aside this Order and held Plaintiffs' Motion to Show Cause in abeyance pending Jimmy's appeal to the Sixth Circuit. (August 29, 2012 Order, Doc. # 233). The Court later denied Plaintiffs' Motion to Show Cause "so that a final judgment may be entered and any appeal taken." (January 22, 2013 Order, Doc. #293).

Jimmy appealed the Injunction against Jimmy's use of trademarks as "overbroad" and "vague." The Sixth Circuit ruled that:

> the district court's injunction appropriately enjoined Jimmy's practice of willfully infringing Larry's trademarks and protected the public from confusion arising from his use of the marks … Further, the injunction includes only those marks 'owned' by Larry and the Hustler Enterprise. Jimmy does not provide any legitimate basis for this court to vacate a permanent injunction that properly precludes Jimmy from willfully infringing Larry's trademarks

(6th Circuit Opinion at p. 9).

Undeterred by the Injunction, the Court's original ruling on the Motion to Show Cause and the Sixth Circuit's Opinion, Jimmy continues to violate the Injunction. On October 3, 2013, a private investigator acting on Plaintiffs' behalves visited Jimmy's store in Florence, Kentucky operating under the name "FLYNT Sexy Gifts." (*See* Affidavit of John Huheey ("Huheey Aff.") attached hereto as Exhibit 1, at ¶ 3). Mr. Huheey took photographs at that location showing signage both on the store and along the nearby street, which market the store as "FLYNT Sexy Gifts." (Huheey Aff. at ¶ 3; Exhibits A-B attached thereto). In both cases, the word "FLYNT" is in large capital letters with "Jimmy" being indiscernible in an adjacent crest.



Mr. Huheey purchased an item from the store and received a receipt which stated "Thank's [sic] for shopping @ FLYNT SEXY GIFTS." (Huheey Aff. at ¶ 4; Exhibit C attached thereto). The receipt also referenced a website with the URL WWW.FLYNTSEXYGIFTS.COM. (*Id.*)

Kate Schrader of Marksmen investigated the website on the receipt, WWW.FLYNTSEXYGIFTS.COM. (*See* Affidavit of Kate Schrader, attached hereto as Ex. 3 at ¶ 3). Through this website using the FLYNT trademark, Jimmy is attempting to sell

6

adult products for purchase via the internet and market his "FLYNT Sexy Gifts" stores in Cincinnati, Ohio and Florence, Kentucky.  Of the 176 navigable pages on his website, Jimmy uses "FLYNT Sexy Gifts" on 170 of the pages.  (*See id.*).  On six pages, "Jimmy" is reflected in an adjacent crest (*See id.*).  Notably, a number of the pages on WWWW.FLYNTSEXYGIFTS.COM had multiple, navigable pages.  (*See id.*).  The following are just a few examples of Jimmy's use of Plaintiffs' trademarks on his website:





8



**II.  LAW AND ARGUMENT**

Federal courts have broad contempt power, which exists for the "preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987) (contempt power used to punish violation of a trademark permanent injunction). One of the "underlying concern[s] that gave rise to the contempt power," and the most salient reason for invoking it, is the "disobedience to the orders of the Judiciary." *Id.*

To that end, 18 U.S.C. § 401 states:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as
>
>   (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>   (2) Misbehavior of any of its officers in their official transactions;
>   (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

*See also Rolex Watch U.S.A. v. Crowley*, 74 F.3d 716 (6th Cir. 1996) (upholding two civil contempt judgments and $15,000 fine against defendant for violating permanent injunction in trademark case); *Int'l Star Registry of Ill., LTD. v. SLJ Group, Inc.*, 325 F. Supp. 2d 879 (N.D. Ill. 2004) (granting motion for contempt where party violated trademark injunction); *Honor Plastic Indus. Co. v. Lollicup USA, Inc.*, 466 F. Supp. 2d 1217 (E.D. Cal. 2006) (finding defendants in contempt where party disobeyed trademark injunction).

In order to merit contempt, Plaintiffs must demonstrate that Jimmy "violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Rolex*, 74 F.3d at 720 (*citing N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is "irrelevant to the validity of [a] contempt finding." *Id.* (*citing In re Jaques v. Reiss Steamship Co.*, 761 F.2d 302, 306 (6th Cir. 1985)). Moreover, "[e]ven if a defendant enjoined from trademark infringement has made a genuine effort to comply with the decree, defendant may be held in contempt when compliance was incomplete in fact, due to inadequate compliance measures." McCarthy on Trademarks, § 30:22.

In this case, Jimmy is undoubtedly in violation of the Injunction by: 1) using the website WWW.FLYNTSEXYGIFTS.COM to market adult products and his retail

locations and; 2) prominently marketing his store in Florence, Kentucky as "FLYNT Sexy Gifts." (Huheey Aff. at ¶ 3; Exhibits A-B attached thereto). The URL address uses the trademark "FLYNT" alone with no reference to Jimmy whatsoever. Within the website itself, Jimmy uses the logo "FLYNT Sexy Gifts" on 170 of the 176 navigable pages. On 6 pages of the website, he uses both with "Jimmy," which is in miniscule font, in an adjacent crest. With respect to the Florence store, the signs on both the store itself and the shopping center's directory display "FLYNT" in large capital letters, with Jimmy's "first name only inside an adjacent crest ion much smaller letters, which is hardly discernible." (See June 7, 2012 Order, Doc. #222). In addition, the Florence store directs customers to visit WWW.FLYNTSEXYGIFTS.COM. (Huheey Aff. at ¶ 4; Exhibit C attached thereto).

Such conduct is expressly barred by the Injunction, which prohibits Jimmy from "using any trademark or any variation thereof owned by L.F.P., Inc., LFP IP, LLC, Larry C. Flynt, HH-Entertainment, Inc., any Hustler Hollywood retail store, or any other entity owned, in whole or in part, by Larry C. Flynt or the Larry Flynt Revocable Trust." (Injunction, ¶ 1). There is no dispute that Plaintiffs own the valid trademark "LARRY FLYNT." (*See* Exhibit 2, attached hereto). And there can be no dispute that the use of the surname "FLYNT" alone and without a disclaimer is similar and likely to cause confusion with the LARRY FLYNT trademark.

As previously cited by Plaintiffs and which the Court found persuasive, the United States District Court for the Central District of California found as much more than two three years ago. As this Court is aware, in *Larry C. Flynt, et. al. v. Flynt Media Corporation*, Larry sued Jimmy's sons Dustin and Jimmy II (and their company Flynt

11

Media Corporation) for trademark infringement. At issue in that case was Dustin and Jimmy II's use of the name "FLYNT" to sell adult-themed goods and services.

Following a jury trial, the court entered a permanent injunction prohibiting Dustin and Jimmy II from using "FLYNT" by itself. (PX 90). Dustin and Jimmy II were only permitted to use their surname as part of their full and actual name (*i.e.*, Jimmy Flynt II or Dustin Flynt) and where their first name was of the same size and font as "FLYNT." (*Id*. at ¶ 2). This ban on the independent use of "FLYNT" also applied to internet domain names. (*See id*. at ¶ 3). Specifically, the California district court permanently enjoined Dustin and Jimmy II from using "any internet domain name that contains the term 'FLYNT' unless the domain name also contains the first name of one or both of the individual Defendants." (*Id*.).

In connection with the "advertising, selling, marketing, promoting or distributing of adult-themed goods and services," Dustin and Jimmy II were also required to include "in conspicuous bold and all capitalized letters a conspicuous disclaimer that states 'This [video/website (or other relevant term)] is not sponsored, endorsed by or affiliated with Larry Flynt or Hustler, or any business enterprise owned or controlled by Larry Flynt.'"

Given the Court's prior ruling on Plaintiffs' Motion to Show Cause, the Sixth Circuit's Decision and Jimmy's knowledge of the California injunction, his ongoing efforts to use WWW.FLYNTSEXYGIFTS.COM and prominently market his stores under the name "FLYNT" can only be viewed as an intentional violation of this Court's Injunction, disregard of the Sixth Circuit's decision, and as characterized by the Sixth Circuit, "Jimmy's practice of willfully infringing Larry's trademarks." Knowing that this very same activity has been previously determined to be in violation of the Injunction, Jimmy nonetheless continues to trade off his brother's name through the internet and

large signs advertising his retail operations.  He cannot be allowed to get away with this intentional violation of the Injunction.

## III. CONCLUSION

Jimmy has continued to infringe on Plaintiff's LARRY FLYNT mark in violation of the Injunction.  Accordingly, Plaintiffs request that Jimmy be ordered to appear and show cause why he should not be held in contempt of Court for his repeated and willful violations of the Injunction.  Upon a finding of contempt, Plaintiffs request that Jimmy be fined in the amount of $100,000 and that he reimburse Plaintiffs for their costs and attorneys' fees incurred in bringing this Motion

Respectfully submitted,

/s/ Mark A. Vander Laan
Mark A. Vander Laan (0013297)
E-Mail: mark.vanderlaan@dinsmore.com
Amanda P. Lenhart (0072517)
E-Mail: amanda.lenhart@dinsmore.com
Joshua A. Lorentz (0074136)
E-Mail: joshua.lorentz@dinsmore.com
Robert M. Zimmerman (0079584)
Email: robert.zimmerman@dinsmore.com
DINSMORE & SHOHL LLP
1900 First Financial Center
255 East Fifth Street
Cincinnati, Ohio  45202
Phone: (513) 977-8200
Fax: (513) 977-8141

**Attorneys for Plaintiffs L.F.P., Inc.,
LFP IP, LLC, and Larry C. Flynt
and Counterclaim Defendants
Flynt Management Group, LLC,
HH-Entertainment, Inc. and
The Larry Flynt Revocable Trust**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following by the Court's CM/ECF system this 6th day of November, 2013:

Robert W. Hojnoski
Shea Conley
Carrie M. Starts
REMINGER CO., LPA
525 Vine Street, Suite 1700
Cincinnati, Ohio  45202
Email:  rhojnoski@reminger.com
            sconley@reminger.com
            cstarts@reminger.com

**Attorneys for Defendants
Hustler Cincinnati, Inc.
and Jimmy R. Flynt**

                                                      /s/ Mark A. Vander Laan

2080990v2