UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CIVIL CASE NO. 1:09-CV-913

LFP IP, LLC, ET AL.,     PLAINTIFF

v.     **MEMORANDUM OPINION AND ORDER**

HUSTLER CINCINNATI, INC., ET AL.,     DEFENDANT

This matter is before the Court on Plaintiff's motion to review the clerk's taxation of costs. (Doc. 281). The Court concluded that no oral argument was necessary on this motion and took it under submission. Having given this matter further study, the Court now issues this Memorandum Opinion and Order.

## I. Introduction

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The rule "establishes a norm of action: prevailing parties are entitled to their costs as of course." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986) (internal quotation marks omitted). Taxable costs under Rule 54(d) are limited to the costs set out in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Section 1920 includes the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily

obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court appointed experts and interpreters, as well as costs for certain interpretive services.

Plaintiff objects to the following sections of the Clerk's Memorandum as to Bill of Costs: (1) fees for service of summons and subpoenas; (2) costs for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees for witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and (4) supplement to renewed bill of costs.

## II. Analysis

### 1. Plaintiff's Bill of Costs was Timely Filed

First, Defendant argues that Plaintiff's Bill of Costs was not timely filed. (Doc. 282 at 2). While Defendant's petition for an en banc review was pending before the Sixth Circuit, the clerk issued a Notice holding Plaintiff's Bill of Costs in abeyance until the Sixth Circuit issued a mandate. (Doc. 247). The order required Plaintiff's to re-file their Bill of Cost after the issuance of the mandate. *Id.* Defendant contends that Plaintiff failed to re-file the Bill of Costs pursuant to Local Rule 54.1 which provided that a Bill of Costs must be filed within 14 days. However, the Clerk's Memorandum as to Bill of Costs specifically states that "the Bill of Costs was timely filed and there is no need for the attorney's and their clients to incur further appearance costs for a hearing or a telephone conference." (Doc. 279 at 1). Therefore, Plaintiff's Bill of Costs was timely filed with the Clerk.

### 2. Fees for Service of Summons and Subpoenas

Plaintiff seeks reimbursement of $375.00 in costs incurred for the service of four subpoenas. (Doc. 274-2 at 1). The Clerk disallowed the entire amount. (Doc. 279 at 2). The

Sixth Circuit has adopted the reasoning from other circuits that a district court "may tax costs for private process server fees to the extent that these private process server fees do not exceed the United States Marshall's fees." *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002). Here, the Clerk determined that no costs would be awarded for Allie Jackson because the server's proof of service indicated $0.00 for total services. (Doc. 279 at 2). However, Plaintiff was actually charged $125.00 for the service of this subpoena, as indicated by the invoice provided by Plaintiff's counsel. (Doc. 274-3 at 2). Next, the Clerk provided no explanation as to why the costs were disallowed for serving a subpoena to Steve Chuke and a second subpoena to Allie Jackson. Despite the lack of explanation from the Clerk, Plaintiff was charged $50.00 to serve a subpoena to both Chuke and Jackson. (Doc. 274-3 at 1). Finally, costs were not allowed for the service of a subpoena on Harvey Shapiro because the total cost indicated by Plaintiff was $150.00 for this subpoena but the invoice lists a balance due of $200.00 (Doc 279 at 2). The Clerk also noted that the invoice named Jeff Hawkins as well as Mr. Shapiro. *Id.* However, Plaintiff provided the proof of service which indicates that the price charged for serving Mr. Shapiro with the subpoena was actually $150.00, and that is all that Plaintiff requested. (Doc 274-3 at 9). As for the $375.00 that Plaintiff requests for service of summons, the Court is satisfied that these costs were necessarily incurred in this case and are recoverable under § 1920. Accordingly, the Court finds that Plaintiff is entitled to the $375.00 requested.

### 3. Costs for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

#### A. Costs for Stenographic Transcripts and Video Recordings of Depositions

The Clerk disallowed costs in the amount of $13,683.88 for the video recording depositions that were not filed with the court, and video recording depositions that were taken when there was also a printed transcript. (Doc. 279 at 3). The Clerk noted that it is policy of the Court to disallow costs for videotape depositions when there is also a printed transcript available. (Doc. 279 at 2). However, the Sixth Circuit permits the taxation of both stenographic transcripts and videotaping the same deposition. *Ashland Hosp. Corp. v. RLI Ins. Co.*, No. 13-143-DLB-EBA, 2015 WL 5063184, at *3 (E.D. Ky. Aug. 26, 2015) (citing *BDT Prods., Inc. v. Lexmark, Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997 (2012)). Additionally, other courts have followed this practice. *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *3 (W.D. Ky. May 7, 2013). The Court will follow the Sixth Circuit's guidance in adjudicating this issue. Recording the depositions was a necessary measure in light of the circumstances of the case. As Plaintiff noted, LFP is headquartered in California and many of the witnesses deposed were located there. (Doc. 281 at 9). In order to be adequately prepared for the preliminary injunction hearing and trial, Plaintiff reasonably concluded that a videotaped deposition was necessary to present the testimony.

Next, the written transcripts of the video depositions were also reasonably necessary for the case. Plaintiff needed the written transcripts because they are valuable for motions and a trial. *Ashland Hosp. Corp.*, 2015 WL 5063184, at *3 ("Finally, RLI makes the common sense

4

argument that paper copies are valuable both in motion practice and a trial. The Court finding that a paper and video copy of Sanders' and Saunders' deposition was necessary for this case, Ashland's objection is overruled."); *Smith v. Joy Tech., Inc.*, No. 11-270-ART, 2015 WL 428115, *5 (E.D. Ky. Feb. 2, 2015) ("Just as with the copy of the depositions above, having a paper copy of the deposition is reasonably necessary for trial. The paper copy aids counsel in preparation for trial, and, unlike a video, can easily be used for reference. As a result, the costs of the paper copy of the Neulicht deposition are taxable.").

Finally, the Clerk disallowed the costs for some of the depositions because they were not filed with the court (Doc. 279 at 3). Defendant contends that the costs for these depositions should be disallowed because the depositions were neither filed with the court nor used during any aspect of the proceedings. (Doc. 282 at 3).

The Sixth Circuit has squarely addressed the issue of whether a deposition is necessary if it is not used during any proceeding. The Court held that, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Here, Plaintiff has provided evidence detailing the necessity of these depositions that ultimately were not used. (Doc. 281-1 at 2). The deposition of Dennis Wang was taken because he was the accountant and assistant controller for Plaintiff in the 1980's and Plaintiff reasonably believed that he would have knowledge as to whether Defendant ever shared in the profits or losses of the organization. *Id.* Mr. Sirkin was deposed because Defendant claimed that he was going to call Mr. Sirkin to testify at trial. *Id.* David Kahn was the General Counsel of LFP in the 1980's and provided a sworn declaration that Plaintiff was the sole owner. *Id.* Finally, David Wolinsky was deposed because he was a

5

financial executive involved in various transactions and his name was listed on certain royalty checks. *Id.* All of these depositions were reasonable and necessary to prepare for the upcoming injunction hearing and trial. Therefore, Plaintiff will be awarded $13,683.88 for the costs of the video depositions and depositions that were not filed with the court or used during the trial.

### B. Original and One Copy of the Deposition Transcripts

Plaintiff argues that it should be awarded costs for the depositions of Donna Hahner, Charles Bruce Davis, John David Lara, Lynn Heller, Allen L. Isaacman, Michael H. Klein, James Kohls, Elizabeth Ann Flynt, Thomas H. Candy, Raymond Hermanson, Gabrielle Torre, Daniel Silvers, Harvey Shapiro, David Kahn, and James Baes. (Doc. 281 at 11). Plaintiff used Gradillas Court Reporters and Veritext Florida Reporting Company and the invoices described the services as "original and one copy." (Doc. 274-4 at 10). The Clerk disallowed costs for these depositions because "[t]he Clerk is unable to determine from the invoice provided what portion of the total cost is attributed to the original and what portion is attributed to the one copy." (Doc. 279 at 5). The costs for these depositions and copies are recoverable. The Sixth Circuit allows taxation for the "reproducing of depositions." *Sales*, 873 F.2d at 120. "Having both the original and a copy of the deposition is reasonably necessary because a party may use the unmarked original for use at trial, such as for impeachment, while using the copy to mark up or take notes." *Smith v. Joy*, 2015 WL 428115 at *4.

Additionally, Plaintiff was not even charged for the extra copy of these deposition transcripts. The owners Gradillas and Veritext provided declarations that it was the business's practice to provide the deposition and one copy of the transcript and that it did not charge for the one copy. (Doc. 281-2 at 1). Here, as with other states, the general practice of California and

6

Florida is to provide a deposition transcript and also a copy of the transcript free of charge. *Smith*, 2015 WL 428115, at *4. This Court will follow the Sixth Circuit's guidance and allow Plaintiff to recover these costs.

### 4. Costs for Obtaining Rough Drafts and Expedited Deposition Transcripts

The Clerk disallowed the costs for rough drafts of deposition transcripts and expedited deliveries of transcript because it was merely "for the convenience of counsel." (Doc. 279 at 4). This Court has discretion when determining whether to tax expedited services. *Ashland Hosp. Corp.*, 2015 WL 5063184, at *5. The expedited transcripts for the depositions of Eleanor Bernice Flynt, James Baes, Steve Chuke, and Jimmy Flynt, II are allowed because they were all taken within one month of the trial. These depositions were taken on December 30, 2010, and January 5, 10, 14, 2011. The trial began on January 19, 2011. In order to prepare for the trial that was less than a month away, it was necessary for Plaintiff's counsel to receive the expedited transcripts.

The rough drafts of the transcripts for Jimmy Flynt, Dustin Flynt, and Allie Lee Jackson are also recoverable. All of these depositions were taken less than a month before the hearing on Plaintiff's request for an injunction was scheduled. (Doc. 41). The proximity between these depositions made it necessary to obtain a rough draft. *Lester v. City of Lafayette*, No. 13-CV-01997-CMA-MJW, 2015 WL 4651643, at *2 (D. Colo. Aug. 6, 2015) ("This Court finds that, due to the proximity of Ms. Lester's deposition to those of her daughter and husband, a rough draft of her deposition was 'necessarily obtained'"). Likewise, the rough draft transcripts for depositions of Larry Flynt, Theresa Ruth Flynt, and Michael Cummings are recoverable because they were taken over the course of two days. Theresa Flynt was deposed on September 14, 2010,

but in order to question her about statements made in the depositions that occurred on September 13, 2010, it was necessary to obtain a rough draft of those previous depositions. *Id.*

Therefore, the costs incurred for rough draft transcripts of depositions and expedited transcripts of depositions are allowed.

### 5. Costs for Official Court Transcripts

Plaintiff sought $3,108.70 for costs associated with ordering various court transcripts. (Doc. 274-1 at 4). These costs were disallowed because the Clerk was "unable to determine that the transcripts received prior court approval, that they were prepared under stipulation of the parties to tax as costs, or that they were needed to determine the appeal." (Doc. 279 at 11).

These transcripts were for the Trial, Hearing on Cross Motions for Summary Judgment, Hearing on Motion for Order to Show Cause, Motion for Sanctions, and Motion to Dismiss Second Amended Complaint, and Hearing on Motion to Modify Permanent Injunction. (Doc. 274-2 at 5). Plaintiff's counsel testified that the costs incurred for these transcripts were reasonably necessary to prepare for hearings, trial, briefing, and appeals to the Sixth Circuit. (Doc. 274-1 at 4). The costs incurred by Plaintiff for these transcripts were reasonable and necessary because Defendant appealed every decision by the Court. (Doc. 242, 275). Here, the trial transcripts were reasonable because it was necessary to prepare briefing for Defendant's appeals. *World Wide Stationery Mfg. Co., Ltd. v. United States Ring Binder, L.P.*, No. 4:07-CV-1947(CEF), 2010 WL 2085645, at *2 (E.D. Mo. May 25, 2010) ([A] trial transcript is a necessary expense of an appeal . . ..); *Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-5124 JCS, 2008 WL 5245931, at *3 (N.D. Ca. Dec. 17, 2008) (transcript costs are recoverable because they are relevant to and necessary for appeal). Since the costs incurred for the transcripts

8

were necessary for the appeal, Plaintiff's costs of $3,108.70 are allowed.

### 6. Fees for Witnesses

The Clerk disallowed $50.00 in costs for the attendance fee and mileage for Mr. Sirkin because "[t]he only reference the Clerk found for H. Louis Sirkin was the invoice submitted by counsel, the deposition was not filed and he was not listed as a witness for the bench trial." (Doc 279 at 11). As previously noted, however, necessity is determined at the time the deposition was taken. *Sales*, 873 F.2d at 120. Just because the testimony was not used at trial does not mean that the deposition and costs incurred for attendance fee and travel were not necessary. *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 722 (N.D. Ill., June 21, 1982) ("Since those depositions were reasonably necessary . . . and since the amounts requested are within the statutory limitations for witness fees and expenses, the amounts requested for witness fees and expenses for witnesses deposed but not called at trial are taxable"). Therefore, the $50.00 in costs for the attendance fee and mileage for Mr. Sirkin is allowed.

### 7. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case

During the course of the case, Plaintiff obtained Registrations and Assignments of the trademarks it held from the United States Patent & Trademark Office. The costs incurred for obtaining certified copies of these various trademarks was $1,260.00. (Doc 274-1 at 4-5). These costs were disallowed because "[t]he Clerk finds that the costs associated with obtaining certified copies is not taxable." (Doc. 279 at 12). The costs incurred for obtaining copies of Registrations and Assignments of trademarks are taxable under § 1920 if the party has to show that the registration is "currently valid and in good standing." *Synergistic Int'l., L.L.C. v. Korman*, No.

9

2:05CV49, 2007 WL 517676, at *5 (E.D. Va. Feb. 8, 2007). Here, Plaintiff had to show that its trademarks were "currently valid and in good standing" in order to prove its trademark infringement claims against Defendant. Therefore, the $1,260.00 incurred to obtain certified copies of Registrations and Assignments from the Patent Office is allowed.

Additionally, the Clerk disallowed $4,669.60 for the photocopying costs Plaintiff incurred. (Doc. 279 at 12). The Clerk stated he could not determine what the invoices reference as far as copies because "[t]hey merely list photocopies, color copies or cd burning; they do not indicate what the documents being copied are." *Id.* However, the Sixth Circuit has noted that § 1920 authorizes costs for photocopying documents necessary for maintenance of the action, including copies "attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Jordan v. Vercoe*, No. 91-1671, 1992 WL 96348, *1 (6th Cir. May 7, 1992). Importantly, § 1920 does not demand "page-by-page precision." *Summit Tech., Inc., v. Nidek Co., Ltd.*, 435 F.3d 1371, 1380 (Fed. Cir. 2006) (citing *Billings v. Cape Cod Child Dev. Program, Inc.*, 270 F. Supp.2d 175, 178 n. 3 (D. Mass. 2003)). Instead, a bill of costs must represent a calculation that is reasonably accurate under the circumstances. *Id.* The description just needs to be "'the best break down obtainable from retained records.'" *Rice v. Sunrise Express, Inc.*, 237 F. Supp.2d 962, 981 (N.D. Ind. 2002) (quoting *Northbrook Excess and Surplus Ins. Co. V. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)).

Here, Plaintiff clearly represented the calculation in his Bill of Costs. Plaintiff noted that $1,996.95 of the total cost was for the production of documents to Defendant's counsel and the remaining $2,672.65 in costs was for copying trial exhibits. (Doc. 274-2 at 7). This provided the

Clerk with enough detail to be able to determine if the invoices referenced copies and therefore, the amount of $5,940.60 is allowed.

### 8. Supplement to Renewed Bill of Costs

Finally, Plaintiff, by way of a Supplement to Renewed bill of Costs, sought to recover costs of $20,155.29 which stemmed from forensic services provided by Kroll OnTrack. (Doc. 276-1 at 2). Plaintiff retained Kroll to assist with forensic services during the discovery phase of the litigation. *Id.* Defendant's counsel requested emails sent to or by Jimmy Flynt, and emails related to Jimmy Flynt, HCI, Hustler News & Gifts, Inc., or HH-Monroe, LLC. (Doc. 281-1 at 1). Kroll imaged various hard drives and collected electronically stored data. *Id.* The non-privileged data produced by Kroll was sent to Defendant's counsel and Kroll invoiced Plaintiff for this work. *Id.* Plaintiff's counsel contends that retaining Kroll for the discovery process was "essential given the expedited discovery schedule and the Magistrate Judge's order that Larry produce any electronically stored data and emails responsive to Jimmy's document requests by noon on December 31, 2010." (Doc. 281-1 at 2).

The invoices submitted by Plaintiff listed the costs as forensic services, professional and consulting services, data collection preparation, media preservation/replication, onsite collection, data replication in lab, and pass through costs. (Doc. 276-1 at 4). Based on this, the entire amount was disallowed because the Clerk could not determine if these were costs of making copies of any materials in which the copies were necessarily obtained for use in the case. (Doc. 279 at 12). Plaintiff argues that Sixth Circuit precedent permits recovery of costs for imaging hard drives. The Sixth Circuit faced a similar issue and held that, "imaging a hard drive falls squarely within the definition of 'copy,' which tellingly lists 'image' as a synonym." *Colosi v.*

11

*Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 297 (6th Cir. 2015). The Court further explained, "a plain reading of the statute authorizes courts to tax the reasonable cost of imaging, provided the image file was necessarily obtained for use in the case." Here, Plaintiff retained Kroll because it was essential to collecting and producing the emails and other stored data that Defendant requested. Plaintiff's counsel noted the importance of obtaining Kroll because "[i]t would not have been possible to comply with the expedited discovery schedule and other court-ordered deadlines without the assistance of Kroll." (Doc. 281-1 at 2). As the Sixth Circuit held, imaging hard drives is taxable if the costs are reasonable and necessary. *Colosi*, 781 F.3d at 297. Here, Plaintiff has shown that without the use of Kroll, the discovery request of all emails and other electronic information relating to Jimmy Flynt and Hustler would not have been obtained. Therefore, the costs for retaining Kroll are allowed.

### III. Conclusion

Therefore, having reviewed this matter, and being sufficiently advised,

**IT IS ORDERED** that Plaintiff's motion to review the clerk's taxation of costs (Doc. 281) be, and is hereby, **GRANTED**. Plaintiff is awarded $68,229.63 in costs as the prevailing party in this matter.

This 30th day of November, 2016.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge